## PERGAMENT NORWALK CORPORATION *v.* WILLIAM KAIMOWITZ ET AL.
### (2517)

DUPONT, C.P.J., HULL and BORDEN, Js.

Argued April 4—decision released August 6, 1985

*George F. Carroll, Jr.,* for the appellant (plaintiff).

*Simon Sumberg,* with whom was *David F. Waters,* for the appellees (named defendant et al.).

HULL, J. The plaintiff, Pergament Norwalk Corporation, appeals from the trial court's judgment dismissing its complaint in an action seeking injunctive relief from a zoning variance granted to the defendant Discount Wines and Liquors, Inc.,[1] by the Norwalk zoning board of appeals. The variance would enable Discount to build an addition to its liquor store which adjoins the plaintiff's premises. The trial court, *Ford, J.*, granted the defendants' motions to dismiss the plaintiff's complaint on the basis of the plaintiff's lack of standing to bring this action.

On appeal, the plaintiff basically claims that the trial court erred (1) in dismissing the complaint in its entirety when, in addition to the claim regarding the variance, it raised nuisance and breach of contract claims as well, (2) in finding that the Norwalk zoning board of appeals had jurisdiction to hear the disputed variance application while litigation involving the property at issue was pending, and (3) in concluding that the plaintiff did not have standing to bring the present action. We find error.

On or about March 10, 1983, Discount, the lessee of premises at 149 Westport Avenue in Norwalk, applied for a zoning variance from the zoning board of appeals for the purpose of constructing an addition to its liquor store. The application form provided by the city required Discount to list the names and mailing addresses of "all adjoining property owners including property owners on the opposite [s]ide of any street." Discount provided, as an appendix to its application,

---

[1] The named defendant is one of the owners of the property to which the variance applies. Carl Kaimowitz, the other owner of the property, and the Kamson Company, through which the Kaimowitzes do business, are also defendants herein. In addition, Discount Wines and Liquors, Inc., the lessee of the premises and the instigator of the variance application, Samuel Resnick, the building inspector for the city of Norwalk, and Joseph Tamsky, the director of planning and zoning for the city of Norwalk, are also defendants.

a list of thirteen property owners. It did not, however, list the name of the plaintiff, which is the lessee, under a twenty-four and one-half year lease, of the remainder of the building in which Discount is located. The plaintiff operates a home improvement center on its portion of the premises encompassing roughly 95 percent of the area of the building containing the two stores.

All of the owners listed by Discount received actual notice, by mail, of the variance application. Notice of the hearing on that application was otherwise provided by publication in a Norwalk newspaper, The Hour, on March 25, 1983, and April 1, 1983. The plaintiff, nevertheless, remained unaware of the hearing. Further, the zoning board of appeals published a legal notice on April 13, 1983, stating that, on April 7, 1983, a variance to the zoning regulations had been "granted with conditions," to Discount, to become effective on April 29, 1983.

The plaintiff did not appeal the decision of the board within fifteen days as provided by General Statutes § 8-8 (a). On May 19, 1983, the plaintiff brought this suit, in one count, alleging: (1) that the variance had been granted by the board without subject matter jurisdiction since the plaintiff, an adjoining "owner," had not received adequate notice, and since the board acted in violation of the Norwalk code in acting on the application; (2) that the construction of the addition would violate the terms of the plaintiff's lease; and (3) that the addition itself would constitute a nuisance.

The trial court, upon nearly identical motions of two groups of the defendants, dismissed the entire complaint. A subsequent rectification of its decision stated the court's conclusion that "[t]he Plaintiffs, simply stated, do not have standing since they were not within the classification . . . required to be notified of the application for a zoning variance, nor did they insti-

tute a proper appellate proceeding following the issuance and publication by the Defendant, City of Norwalk, of its decision within the time limitations imposed by law." From that dismissal, the plaintiff appealed to this court.

In a suit claiming injunctive relief against the use of property pursuant to zoning action or regulation, the plaintiff does not have to allege or prove standing. Rather, "[i]f the plaintiffs have suffered special damages as alleged in their complaint, the court has equitable jurisdiction and may grant injunctive relief" where there is no zoning decision which may be appealed directly; *Blum* v. *Lisbon Leasing Corporation,* 173 Conn. 175, 180, 377 A.2d 280 (1977); or where the decision of the zoning authority is void for lack of jurisdiction. *Crouchley* v. *Pambianchi,* 152 Conn. 224, 226, 205 A.2d 492 (1964); *Smith* v. *F. W. Woolworth,* 142 Conn. 88, 93, 111 A.2d 552 (1955). In the present case, since the zoning board did render a decision, we look to the second part of this test.

Standing or aggrievement, which terms are often used interchangeably in the area of zoning, is not an issue in this action. The basis of the claimed jurisdictional defect is that the plaintiff, as an "owner," was not afforded actual notice of the hearing and the board's decision. The court ruled that the plaintiff was not an owner and, accordingly, dismissed the case. We conclude that the court properly decided that the plaintiff's lack of "owner" status defeated that basis for its claim that the board lacked jurisdiction over the application.

The plaintiff is, quite simply, not an "owner" of property which is entitled to notice by mail. Although it argues that the extended duration and high visibility of its leasehold interest should provide it with "owner" status, leasehold interest holders were not contem-

plated by Norwalk to be entitled to notice by mail. The guide provided by the city to applicants for zoning variances specifically directs applicants to the office of the city tax commissioner for assistance in obtaining the mailing addresses of "owners" entitled to actual notice. Since lessees are, pursuant to General Statutes § 12-48,[2] not taxed on their interests in the land that they rent, their addresses would not be available from the office of the tax commissioner regardless of the duration of their tenancies. This advice from the city evidences the board's construction and interpretation of the requirements of the application. Great deference should be accorded to such interpretations. *Chamber of Commerce of Greater Waterbury, Inc.* v. *Lanese,* 184 Conn. 326, 331, 439 A.2d 1043 (1981); *New Haven* v. *United Illuminating Co.,* 168 Conn. 478, 493, 362 A.2d 785 (1975); *Breen* v. *Department of Liquor Control,* 2 Conn. App. 628, 634, 481 A.2d 755, cert. granted, 194 Conn. 808, 483 A.2d 1098 (1984).

This case does not involve the interpretation of the phrase "owning land" as that phrase is used in General Statutes § 8-8 (a),[3] which authorizes certain neigh-

---

[2] General Statutes § 12-48 provides, in part: "When one is entitled to the ultimate enjoyment of real or personal estate liable to taxation, and another is entitled to the use of the same as an estate for life or for a term of years by gift or devise and not by contract, such estate shall be set in the list of the party in the immediate possession or use thereof, except when it is specially provided otherwise."

[3] General Statutes § 8-8 (a) provides: "Any person or persons severally or jointly aggrieved by any decision of said board, or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board, or any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of said board, may, within fifteen days from the date when notice of such decision was published in a newspaper pursuant to the provisions of section 8-3 or 8-7, as the case may be, take an appeal to the superior court for the judicial district in which such municipality is located, which appeal shall be made returnable to said court in the same manner as that prescribed for civil actions brought to said court."

boring property owners to appeal decisions of zoning authorities. Nevertheless, interpretations of the phrase "owning land" as used in that statute are relevant to the case before us. In that context, we look to *Smith* v. *Planning & Zoning Board,* 3 Conn. App. 550, 490 A.2d 539, cert. granted, 196 Conn. 809, 494 A.2d 906 (1985). In that case, we held that a life tenant is a "person owning land" within the meaning of General Statutes § 8-8 (a). We stated there that " 'owner' is generally defined with reference to title." Id., 553.[4] "A life estate is an interest in real property, the duration of which is limited by the life of some person. Such person may be the party creating the estate, the tenant himself, or some other person or persons. It may be for an indefinite period which may last for a life. It is of no consequence how uncertain the duration of the estate may be. If it can or may continue during a life, it is a freehold or life estate. It outranks an estate for hundreds of years, because it is said that no one knows how long a man may live. The principal distinction between a tenancy for life and such tenancies as at will, from year to year, and at sufferance is that a tenancy for life confers a freehold upon the tenant, whereas in the other tenancies mentioned the tenant has a chattel interest only." (Footnote omitted.) 4 Thompson, Real Property § 1893. We conclude, therefore, that the plaintiff was not entitled to actual notice in the present case as it was not an "owner."[5]

---

[4] Significantly, a life estate is a taxable property interest to the life tenant pursuant to General Statutes § 12-48. See footnote 3, supra. Thus, under the instructions provided to applicants by the city of Norwalk, a life tenant would have been notified, by mail, of the application in this case.

[5] We do not dismiss the possibility that a tenant for a great number of years may, because of such factors as the length and nature of its tenancy, its formal assumption of real estate property tax liability, and its ability, under its lease, to deal with the property almost as if it were, in effect, a fee holder, be deemed an owner of the property for purposes of a particular zoning ordinance or statute. See *University of Hartford* v. *Hartford,* 2 Conn. App. 152, 158–59, 477 A.2d 1023 (1984). This record, however, does not present that extreme situation.

We conclude, nevertheless, that the court erred in dismissing the action because it never reached a second, separate and distinct basis for the plaintiff's claim that the board lacked jurisdiction over the application.

The plaintiff alternatively alleged that the board violated the Norwalk code by accepting jurisdiction over the application while litigation affecting the property at issue was pending.[6] At the time the application was filed, three separate but related actions were pending in both state and federal courts regarding the plaintiff's attempt to fence in an area which encompasses the same area into which Discount subsequently expanded.[7] We conclude that whether those actions constituted "litigation concerning the matter," as contemplated by the Norwalk code, is a mixed question of law and fact which must be determined by the trial court upon a remand. If that litigation does constitute a bar to the board's acceptance of jurisdiction over the application, then the present action should proceed on its merits.[8]

---

[6] Norwalk Code § 116-7 (F) provides: "No application or petition will be considered if litigation concerning the matter is pending."

[7] See *Kaimowitz* v. *Pergament Norwalk Corporation,* Superior Court Housing Session, Judicial District of Stamford-Norwalk, No. SPN 08303-00472; *Cingari* v. *Kaimowitz,* Superior Court, Judicial District of Stamford, No. CV 820063144S; *Pergament Norwalk Corporation* v. *Kamson Co.,* United States District Court, District of Connecticut at Bridgeport, No. 83OCIV3092.

[8] With respect to the plaintiff's argument that the provision for notice by publication is constitutionally defective, we note that this claim is utterly without merit. In *Bridgeport Bowl-O-Rama, Inc.* v. *Zoning Board of Appeals,* 195 Conn. 276, 487 A.2d 559 (1985), the court found a notice of hearing, virtually identical to that present here, and a significantly less informative notice of decision, to be valid. Id., 283. Further, although this point was not raised in the briefs before this court, we also note that General Statutes § 8-7 mandates only that *parties* are to be given "due notice" of an appeal to the zoning board of appeals. Since the plaintiff was not a party, it was not entitled to notice other than by publication as is also mandated by General Statutes § 8-7.

In the event that the trial court concludes that the board did have jurisdiction to rule on the application, the court must, nonetheless, rule on the merits of the plaintiff's claims of nuisance and breach of contract. The basis of the court's dismissal was the plaintiff's lack of standing to sue the board. That conclusion did not, however, reach the plaintiff's claims against the Kaimowitzes, Kamson Company or Discount.[9] Thus, the court erred in dismissing that portion of the complaint raising claims against those defendants. Practice Book § 143 lists five express grounds upon which a motion to dismiss may be based.[10] None of these grounds was claimed as to the Kaimowitzes, Kamson or Discount, nor do we find any of them to be applicable.

There is error, the judgment is set aside and the case is remanded to the trial court for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

---

[9] Although Practice Book § 147 (3) specifically provides that a party desiring to obtain the separation of causes of action improperly combined in one count may file a request to revise the complaint, the defendants did not file such a request.

[10] Practice Book § 143, as it read at the time of the trial court's dismissal, provides: "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record."