R AND R POOL AND HOME, INC., ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF RIDGEFIELD ET AL.
(15050)

Foti, Spear and Hennessy, Js.

---

Argued September 19—officially released November 19, 1996

*Raymond F. Ross*, for the appellants (plaintiffs).

*J. Allen Kerr, Jr.*, for the appellee (named defendant).

*Thomas W. Beecher*, for the appellee (defendant Oswald Inglese).

FOTI, J. This appeal arises out of the denial of an application for site plan approval made to the zoning authorities of the town of Ridgefield. The plaintiffs, R and R Pool and Home, Inc. (R & R), and Neil Farans, Alvin G. Farans and Diane Green, as individuals and as principals of the involved partnerships (partnership),[1] appeal from the judgment of the trial court dismissing their appeal from the decision of the defendant, the zoning board of appeals of the town of Ridgefield (board). The board's decision affirmed the denial of a site plan application by the defendant Oswald Inglese, planning director of the town of Ridgefield. On appeal, the plaintiffs claim that the trial court improperly concluded that (1) R & R lacked standing because it did not sign the application for site plan approval, (2) the

---

[1] The individual plaintiffs are principals of the Farans Family Limited Partnership, the Farans Limited Partnership II, and DB Revocable Trust. These individuals and partnerships also conducted business under the trade name Universal Properties. Throughout the proceedings and for the purposes of this opinion, the individuals and the partnerships will be referred to as one entity.

partnership failed to maintain its status as an aggrieved party during the pendency of this action because the purchase money first mortgage that it received was not substantial and legitimate, and (3) the published legal notice of the decision and related documents in a previous appeal and the attachments to the amended complaint were not admissible. We reverse the judgment of the trial court in part and affirm it in part.

## I

The record reveals the following relevant facts. The property that is the subject of this appeal is located at 975 Ethan Allen Highway in the town of Ridgefield. The property is situated in a B-2 zone in which retail sales are not permitted. A variance, however, had been granted to a previous lessee in 1990 to allow the use of the property for retail and wholesale sales.[2] The extent of sales allowed by the variance is at issue in the merits of the appeal. The scope of the action for the variance, as set out in a letter from the board, stated that the variance was limited to the wholesale and retail sales of "oriental rugs, fine furniture and art." The plaintiffs argue that the published legal notice did not place such restrictions on the variance.

On July 2, 1993, Attorney Melvin J. Silverman filed an application for site plan approval of the property for a "[w]arehouse, office and retail sale of fine outdoor furniture."[3] The application lists the individuals involved in the partnerships as the owners[4] and R & R as the name of the business to be conducted on the property. The planning director denied the application.[5]

[2] From April, 1990, to September, 1993, the property was leased by the partnership to Richard Amatulli, doing business as Classics of Ridgefield.

[3] In June, 1993, the board denied the partnership's application for a variance to allow full retail use of the property by R & R.

[4] See footnote 1.

[5] The planning director denied the application for the following stated reasons: "(1) The business you are planning to operate, with the merchandise

On October 7, 1993, the partnership and R & R appealed that decision to the board.[6] The board sustained the decision of the planning director.

On February 24, 1994, the plaintiffs challenged the board's decision by filing an appeal with the trial court. On July 29, 1994, the plaintiffs filed an amended complaint alleging that the decision of the board was arbitrary, illegal and an abuse of discretion, and that the board should be directed to sustain their appeal of the planning director's denial of their site plan application.

The trial court determined that R & R lacked standing to appeal the decision because it was not the applicant for the site plan approval. It further found that, although the partnership owned the property at the time of the proceeding before the zoning authorities, it sold the property to R & R for $315,000 before the appeal process was completed in the trial court. The trial court ruled that, despite retaining a $1500 purchase money mortgage, the partnership failed to maintain its status as an aggrieved party during the pendency of the action, deeming its interest in the property, after it sold the property to R & R, as not "substantial and legitimate." The trial court, therefore, dismissed the appeal as to all plaintiffs without reaching the merits of the board's decision.

The plaintiffs filed a petition for certification to appeal to this court, which was granted on July 20, 1995. They filed this appeal on July 31, 1995.

you are proposing to sell, is not the 'fine furniture' contemplated by the Zoning Board of Appeals in its decision on November 5, 1990 in appeal no. 90-099 [the variance granted to Classics of Ridgefield]; (2) the business you are proposing to operate, with the merchandise you are proposing to sell, was specifically denied a variance to do so by the Zoning Board of Appeals at its June 21, 1993 meeting of appeal no. 93-014 [the variance application filed by the partnership to permit retail sales by R & R]; and, (3) retail sales is not a permitted use in a B-2 Zone."

[6] The plaintiffs had previously appealed to the trial court without appealing to the board, but the appeal was dismissed for failure to exhaust administrative remedies.

## II

The first two issues on appeal relate to whether R & R has standing to appeal and whether the partnership is aggrieved. These determinations were questions of fact for the trial court. *Fuller* v. *Planning & Zoning Commission*, 21 Conn. App. 340, 343, 573 A.2d 1222 (1990). "The scope of review of a trial court's factual decision on appeal is limited to a determination of whether it is clearly erroneous in view of the evidence and pleadings. . . . Conclusions are not erroneous unless they violate law, logic or reason or are inconsistent with the subordinate facts." (Citations omitted; internal quotation marks omitted.) *DiBonaventura* v. *Zoning Board of Appeals*, 24 Conn. App. 369, 374, 588 A.2d 244, cert. denied, 219 Conn. 903, 593 A.2d 129 (1991).

## A

The trial court found that R & R lacked standing to appeal because it was not the applicant on the application for site plan approval.[7] The trial court determined that R & R was only a prospective lessee at the time of the application to the planning director and, therefore, cannot maintain the appeal.

The plaintiffs argue that the defendants waived the issue of standing by not raising it as a special defense before the trial court. In the alternative, the plaintiffs contend that R & R has standing based on a series of contracts that resulted in R & R's purchase of the property.

Pursuant to General Statutes § 8-8 (b), the plaintiffs must establish that they are aggrieved by the decision

---

[7] The trial court based this determination on § 324.0GR of the Ridgefield zoning regulations, which states in part that "[d]ecisions made by the planning director . . . may be appealed *by the applicant* to the zoning board of appeals." (Emphasis added.)

of a zoning authority in order to have standing to appeal to the Superior Court. "The question of aggrievement is essentially one of standing."[8] *Beckish* v. *Manafort*, 175 Conn. 415, 419, 399 A.2d 1274 (1978). The issue of standing invokes the trial court's subject matter jurisdiction. *D.S. Associates* v. *Planning & Zoning Commission*, 27 Conn. App. 508, 511, 607 A.2d 455 (1992). The issue cannot be waived. "Proof of aggrievement is essential to a trial court's jurisdiction of a zoning appeal." *Connecticut Resources Recovery Authority* v. *Planning & Zoning Commission*, 225 Conn. 731, 739 n.12, 626 A.2d 705 (1993); see also *Planning & Zoning Commission* v. *Gaal*, 9 Conn. App. 538, 542–43, 520 A.2d 242, cert. denied, 203 Conn. 803, 522 A.2d 294 (1987); but see *Fuller* v. *Planning & Zoning Commission*, 21 Conn. App. 340, 346, 573 A.2d 1222 (1990).[9]

The facts of this case, as found by the trial court, demonstrate that R & R had a sufficient interest in the property at the time of the appeal and maintained it throughout the appeal process. On July 22, 1993, a commercial lease was executed by the partnership, as landlord, and R & R, as tenant, for nine months from September 1, 1993, through May 31, 1994. Another contract was signed on April 15, 1994, to sell the property to R & R. On September 2, 1994, the partnership exe-

[8] The terms standing and aggrievement are often used interchangeably in Connecticut zoning law. *Pergament Norwalk Corp.* v. *Kalmowitz*, 4 Conn. App. 633, 636, 496 A.2d 217, cert. denied, 197 Conn. 813, 499 A.2d 60 (1985); but see *D.S. Associates* v. *Planning & Zoning Commission*, 27 Conn. App. 508, 511, 607 A.2d 455 (1992) ("[t]his is one of those rare cases in which the plaintiff is aggrieved but does not have standing").

[9] In *Fuller* v. *Planning & Zoning Commission*, supra, 21 Conn. App. 340, the defendant claimed that the new owner of the property at issue lacked the capacity to be substituted as plaintiff. We found the substituted plaintiff did not lack standing for purposes of the appeal. In dicta, however, we stated that "[l]ack of capacity to maintain an action must be raised by way of special defense and in a timely manner or will be deemed to be waived." Id., 346. The plaintiffs rely on this language to support their claim that lack of standing must be raised by special defense.

cuted and delivered a warranty deed conveying title to R & R for a purchase price of $315,000.[10] The plaintiffs' appeal was filed in the Superior Court on February 24, 1994. R & R was therefore a tenant at the time of the filing of this appeal, and soon thereafter became a prospective purchaser through the April 15, 1994 contract of sale.

Our Supreme Court has recognized that certain lessees of property may apply for a permit or variance. See *Richards* v. *Planning & Zoning Commission*, 170 Conn. 318, 322, 365 A.2d 1130 (1976). Moreover, the court has determined that prospective business operators may be aggrieved. See *DiBonaventura* v. *Zoning Board of Appeals*, supra, 24 Conn. App. 377.

In addition, R & R was referred to as an interested party throughout the proceedings before the planning director and the board. The application for site plan approval requested permission for R & R to use the premises for the sale of outdoor furniture. Correspondence between Silverman and the planning director referred to R & R. Legal notice of this decision referred to R & R. The board affirmed the planning director's denial, referring to R & R in its decision. The board also referred to R & R as the applicant for the site plan approval throughout the proceedings and in its decision.

"Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that

---

[10] The plaintiffs discuss a series of contracts intending to demonstrate that R & R had more than an abstract interest in the property even before the signing of the lease on July 22, 1993. For purposes of finding a party aggrieved to bring an appeal to Superior Court pursuant to General Statutes § 8-8, these contracts are not relevant.

judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." (Internal quotation marks omitted.) *DiBonaventura* v. *Zoning Board of Appeals*, supra, 24 Conn. App. 373–74. "The key . . . is that [the plaintiffs] have much more than an abstract interest in the property or the issue; they are all injured by the denial of their application and this is the interest the aggrievement and standing concepts are intended to protect." T. Tondro, Connecticut Land Use Regulation (2d Ed. 1992) § 8.B.2a, p. 541.

The record clearly demonstrates that R & R was a lessee and had contracted to purchase the property during the appeal to the trial court and that it was an interested party in the proceedings before the zoning authorities. R & R, therefore, did not lack standing to bring this appeal, and the trial court improperly dismissed it as to R & R.

B

The trial court determined that the $1500 purchase money mortgage the partnership retained in the property was not a sufficiently significant interest so as to support aggrievement.[11] The plaintiffs argue that the amount of the mortgage is irrelevant as to the issue of aggrievement.

"The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the challenged action], as distinguished

---

[11] The trial court relies on *Primerica* v. *Planning & Zoning Commission*, 211 Conn. 85, 558 A.2d 646 (1989), *Richards* v. *Planning & Zoning Commission*, supra, 170 Conn. 318, and *Burke* v. *Zoning Board*, Superior Court, judicial district of Fairfield, Docket No. 300221 (April 19, 1993), as requiring a substantial interest in the subject property for a party to be aggrieved if it were not an owner of the property.

from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the [challenged action]." (Internal quotation marks omitted.) *Steeneck* v. *University of Bridgeport*, 235 Conn. 572, 579–80, 668 A.2d 688 (1995). "Although a party may have had an appealable interest in a controversy, if, after judgment, his interest is either conveyed or transferred absolutely . . . his right to appeal is lost, since he no longer has any interest in the litigation and is not injured by the result of the action." *Southbury* v. *American Builders, Inc.*, 162 Conn. 633, 634, 295 A.2d 566 (1972).

Our examination of Connecticut authority discloses only one decision construing whether a mortgagee's interest is sufficient to establish a mortgagee's aggrievement. In *Burke* v. *Zoning Board*, Superior Court, judicial district of Fairfield, Docket No. 300221 (April 19, 1993), the court, *Fuller, J.*, in a well reasoned decision, stated that "[e]ven though Connecticut adheres to the title theory of mortgages, the mortgage is regarded as mere security and the mortgagor for most purposes is regarded as the sole owner of the land; the mortgagee has title and ownership enough to make the security available, but for substantially all other purposes is not regarded as the owner." In *Burke* v. *Zoning Board*, supra, the plaintiff did not hold a first mortgage on property, but was the holder of a fourth mortgage on land abutting the subject property. The trial court made the determination that the plaintiff was not statutorily aggrieved pursuant to § 8-8 (a) (1) because it could not "in any realistic sense be considered a 'person owning land' intended by the legislature to have automatic standing to appeal a zoning decision on adjacent property." Id. The trial court stated in dicta, however, that an individual may be classically

aggrieved if the individual held a fourth mortgage on the property that was the subject of the application to the board. Id.

Other jurisdictions do not provide much guidance as to the question of whether a mortgagee is aggrieved by a zoning decision affecting the mortgaged property. See 83 Am. Jur. 2d, Zoning and Planning § 1031 (1992). In *Eckerman* v. *Murdock*, 276 App. Div. 927, 928, 94 N.Y.S.2d 557 (1950), a case cited by the plaintiffs, the petitioner before the zoning authorities was the owner of the subject property. Before the time of the appeal, the petitioner had conveyed the property to a third party and had taken back a purchase money mortgage. Without lengthy analysis, the court found that the petitioner had standing to appeal on her own behalf or as an agent with consent of the holder of legal title.

In *Richards* v. *Planning & Zoning Commission*, supra, 170 Conn. 323, our Supreme Court analyzed decisions from Connecticut and other jurisdictions that addressed aggrievement issues and concluded that "it is not possible to extract a precise comprehensive principle which adequately defines the necessary interest which a nonowner must possess in order to have standing . . . ." Id., 323–24. The court noted that a determination of aggrievement is not based primarily on a categorization of the applicant, but on a variety of factors specific to the facts of each case such as "[w]hether the applicant is in control of the property, whether he is in possession or has a present or future right to possession, whether the use applied for is consistent with the applicant's interest in the property, and the extent of the interest of other persons in the same property . . . ." Id.

Because we are unable to find determinative precedent as to whether a mortgagee is aggrieved for purposes of a zoning appeal, we will analyze the facts of

this case pursuant to our traditional two-prong analysis for classical aggrievement. The partnership established the first prong of classical aggrievement because, by maintaining a $1500 purchase money mortgage in the property, it had more than a general interest in the property. The partnership failed, however, to establish the second prong of the analysis, that its interest has been specially and injuriously affected by the decision of the board. The record does not demonstrate that this mortgage interest will be affected because the zoning authorities denied the site plan application. " '[T]he plaintiffs were required to plead and prove some injury in accordance with our rule on aggrievement.' " *Fuller* v. *Planning & Zoning Commission*, supra, 21 Conn. App. 343. The mere $1500 purchase money mortgage is not likely to be in jeopardy of default for a property that sold for $315,000. If R & R defaults on payment of the $1500 mortgage debt, the partnership could obtain a foreclosure judgment and readily recover its $1500 interest. The trial court's decision that the partnership was not aggrieved is therefore not clearly erroneous. We affirm the judgment dismissing the appeal as to the partnership.

## III

The final issue that we must address, because we remand the appeal to the trial court as to the plaintiff R & R, is whether the trial court improperly excluded items from evidence concerning the previous variance on the property. "[T]he trial court has broad discretion in admitting evidence so that its rulings will not be disturbed absent a showing of a clear abuse of discretion." *Borkowski* v. *Sacheti*, 43 Conn. App. 294, 323, 684 A.2d 1095 (1996).

Section 8-8 (k) provides in part that "[t]he court shall review the proceeding of the board and shall allow any party to introduce evidence in addition to the contents

of the record if (1) the record does not contain a complete transcript of the entire proceedings before the board, including all evidence presented to it, pursuant to section 8-7a, or (2) it appears to the court that additional testimony is necessary for the equitable disposition of the appeal. . . ." The trial court, in its discretion, will determine if the offer of additional evidence was necessary for the equitable disposition of the appeal. *Troiano* v. *Zoning Commission*, 155 Conn. 265, 268, 231 A.2d 536 (1967).

The plaintiffs claim that the trial court should have admitted the published legal notice of the decision and related documents in the previous variance application granted to Classics of Ridgefield, and exhibits E and F as referenced in paragraphs eighteen and nineteen of the amended complaint. They claim that these documents are significant because, unlike the letter sent to the applicant, there is no "Scope of the Action" or any other conditions listed as part of the approval of the variance in any of these official notices.

General Statutes § 8-7 requires that notice of the decision of the board be published in a newspaper. The statute does not mandate that the reasons for the zoning authorities' decision or the specific conditions incorporated in the decision appear in the published notice. The language of the notice, therefore, is irrelevant to the substance of the decision. The trial court did not abuse its discretion by refusing to allow the plaintiffs to introduce evidence outside the record.

The judgment is reversed only as to R & R's standing, and the case is remanded for further proceedings to address the merits of R & R's appeal in accordance with this decision.

In this opinion the other judges concurred.