RONALD K. GOODRIDGE ET AL. *v.* ZONING BOARD
OF APPEALS OF THE BOROUGH OF
NEWTOWN ET AL.
(AC 18982)

Schaller, Spear and Mihalakos, Js.

Argued February 15—officially released July 18, 2000

*Michael A. Zizka,* for the appellants (plaintiffs).

*Donald A. Mitchell,* for the appellee (named defendant).

*Robert H. Hall,* for the appellees (defendant Richard P. Gottmeier et al.).

*Christopher J. Smith* filed a brief for the Planning and Zoning Section of the Connecticut Bar Association as amicus curiae.

MIHALAKOS, J. The plaintiffs, Ronald K. Goodridge and Albert R. Taubert, appeal from the judgment of the trial court dismissing their appeal from the decision of the named defendant, the zoning board of appeals of the borough of Newtown (board),[1] which nullified a zoning permit that the zoning enforcement officer had issued to plaintiff Ronald K. Goodridge. On appeal, the plaintiffs claim that the court improperly determined that (1) the revision of the boundary line between two parcels known as lots one and two was a "subdivision" under General Statutes § 8-18 and (2) Taubert, who held a mortgage on Goodridge's parcel, was not an aggrieved party and therefore had no standing.[2] We reverse the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. This case involves the status and history of two adjoining lots in Newtown, parcel one and parcel two. The parcels have been in separate existence as early as November 21, 1950, when they were recorded in the Newtown land records. After a series of conveyances, which are not relevant to this appeal, both parcels were acquired as separate parcels by Karl Koehler and Vincenza Koehler in 1968. On July 16, 1969, the Koehlers sold parcel one to Julia B. Wasserman. The warranty deed, conveying parcel one, reflected a slight adjustment of the boundary line between parcels one and two. The revision affected a twenty-five foot segment, less than 3 percent of the 850 foot long boundary line between parcel one and two, by angling it

---

[1] The other defendants in this action are Richard P. Gottmeier and Holly Gottmeier, who own real property abutting that of plaintiff Ronald K. Goodridge.

[2] The plaintiffs also claim that the appeal by the Gottmeiers was untimely. We need not address this issue because the court's improper determination that the revision of the boundary line between parcels A and B was a "subdivision" under General Statutes § 8-18 is dispositive of this appeal.

slightly northward near the street line of Walnut Tree Hill Road in Newtown. As a result of the boundary line revision, a triangular area of land measuring 0.005 acres, which previously had been contained within parcel two, was incorporated into parcel one.

In 1972, the Koehlers sold parcel two to Aveve Cohen by warranty deed. The warranty deed describes parcel two in three different ways: First, by a metes and bounds delineation; second, by reference to the deed, expressly deducting the premises previously conveyed to Wasserman; and third, by reference to parcel two as shown on the original map, expressly excepting the 0.005 acre triangular tract of land into parcel one as a result of the lot line revision.

In 1987, Taubert acquired parcel two. Taubert then divided parcel two into two lots, parcel A and parcel B, and submitted a proposed map to the zoning enforcement office. The map was approved on August 30, 1995. Taubert claimed that the proposed division of property was a "first cut" and, therefore, no subdivision approval was required. The map was approved by the zoning enforcement officer and filed with the town clerk. Taubert subsequently conveyed parcel A to an individual who is not a party to this appeal.

In 1996, Taubert conveyed parcel B to Goodridge. Shortly after he acquired parcel B, Goodridge applied for a permit to construct a driveway for a new home he intended to build on this site. On May 22, 1997, the zoning enforcement officer issued a permit to construct the driveway. At this time, the defendants Richard P. Gottmeier and Holly Gottmeier, whose property abuts parcel B, appealed to the board from the zoning enforcement officer's issuance of a permit to construct a driveway. The board sustained the appeal on the ground that the 1969 boundary line revision was a "first cut" of the land and that Taubert's division, therefore, was a

"second cut" of the property, which required subdivision approval from the planning and zoning commission pursuant to § 8-18. The plaintiffs then appealed to the trial court from the board's decision. The court first found that Goodridge was aggrieved by the board's decision.[3] Although the court determined that it had jurisdiction over the appeal based on Goodridge's aggrievement, it noted that Taubert could not establish aggrievement merely as the holder of a mortgage on the subject property. The court, however, dismissed the plaintiffs' appeal.[4] This appeal followed. On April 8, 1999, this court granted permission to the planning and zoning section of the Connecticut Bar Association to file an amicus curiae brief. Additional facts will be discussed where relevant to this appeal.

## I

The plaintiffs first claim that the court improperly determined that the revision of the boundary line between lots one and two in 1969 was a "subdivision" under § 8-18. We agree.

"The question before us is a matter of statutory interpretation and, as such, constitutes a question of law subject to de novo review. . . . In seeking to discern [statutory] intent, we look to the words of the statute itself, to the legislative history and circumstances sur-

---

[3] The court noted that the board's decision that the construction permit had been improperly issued restricted Goodridge in the use of his property, and that his personal and legal interest, therefore, had been injuriously affected.

[4] The court ruled that (1) the Gottmeiers' appeal to the board was timely under General Statutes § 8-7 because it was filed within thirty days of the issuance of the construction permit, and (2) the board properly concluded that the 1969 boundary line adjustment was a "first cut" of the land, and that the subsequent division of parcel two by Taubert and conveyance of parcel B to Goodridge constituted a "second cut" of the parcel. The court concluded that it was improper for the zoning enforcement officer to issue a construction permit in the absence of approval of the subdivision by the planning and zoning commission.

rounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . It is well settled that [w]here the meaning of a statute . . . is plain and unambiguous, the enactment speaks for itself and there is no occasion to construe it. Its unequivocal meaning is not subject to modification by way of construction." (Citations omitted; internal quotation marks omitted.) *Fishbein* v. *Kozlowski*, 252 Conn. 38, 46, 743 A.2d 1110 (1999).

Section 8-18 defines the term "subdivision" as "the division of a tract or parcel of land into three or more parts or lots made subsequent to the adoption of subdivision regulations by the commission, for the purpose, whether immediate or future, of sale or building development expressly excluding development for municipal, conservation or agricultural purposes, and includes resubdivision . . . ."

In this case, the land transferred from lot two to lot one was never divided from a whole parcel of land; rather it remained, at all times, as part of a larger parcel of land. Furthermore, the land never was sold separately or intended to be used for development, it simply was added to the adjacent parcel. Accordingly, in *McCrann* v. *Town Plan & Zoning Commission*, 161 Conn. 65, 70, 282 A.2d 900 (1971), our Supreme Court held that where a site for elderly housing was created by combining two lots to make one parcel, but there was no division of the tract into three or more parts or lots, there was no "subdivision."

Including the revision as a "subdivision" pursuant to § 8-18 would not be prudent for public policy reasons. A minor lot line adjustment between two existing lots, whereby no new lot is created, does not constitute a "subdivision" as defined by § 8-18 and, thus, does not

require municipal approval. To subscribe to the trial court's rationale, whereby every first line adjustment would be a "subdivision" and municipal approval would be required for a subsequent division, would result in a significant adverse impact on land use and real estate law in Connecticut. To accept every minor adjustment of property, even those that are inadvertent, as a "subdivision" under § 8-18 would lead to a substantial increase in applications to municipal planning commissions and in land use appeals.

After analyzing the relevant terms of the statute and taking into the account the public policy reasons underlying the statute, we conclude that the court improperly held that the revision of the boundary line between lot one and two in 1969 constituted a "subdivision" under § 8-18. Therefore, because the land transferred from lot two to lot one was not divided from the larger parcel that made up both lots, Taubert's subsequent division in 1987 of lot two into parcels A and B did not require subdivision approval from the planning and zoning commission.

II

The plaintiffs' final claim is that the court improperly determined that Taubert was not an aggrieved party and, therefore, had no standing. We agree.

"First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." (Internal quotation marks omitted.) *Walls* v. *Planning & Zoning Commission*, 176 Conn. 475, 477–78, 408 A.2d 252 (1979).

The defendant's reliance on *R & R Pool & Home, Inc.* v. *Zoning Board of Appeals,* 43 Conn. App. 563, 684 A.2d 1207 (1996), is misplaced. In *R & R Pool & Home, Inc.* v. *Zoning Board of Appeals,* supra, 573, we held that a $1500 purchase money mortgage, which a partnership retained on the property, was not a sufficient interest to support aggrievement. Although the partnership established that it had more than a general interest in the property, it did not establish that its interest had been specially and injuriously affected by the denial of the application. Id. Specifically, we held that the mere $1500 purchase money mortgage of the partnership was not likely to be in jeopardy. Id. The property sold for $315,000 and, even if R & R Pool & Home, Inc., defaulted on payment of the $1500 mortgage debt, the partnership could obtain a foreclosure judgment and readily recover its $1500 interest. Id.

In this case, however, the record established that Taubert's interest was personal and would be specially and injuriously affected if Goodridge's application was denied. Taubert's interest, thus, is distinguishable from that of the partnership in *R & R Pool & Home, Inc.* Taubert held a substantial mortgage of $60,000 on a lot, the value of which was severely diminished when the court found that there was a failure to comply with subdivision regulations. The board's decision, which was upheld by the court, was that the lot sold to Goodridge was not lawfully created and, therefore, a zoning permit could not be granted for any use. The decision of the board, eliminating the usefulness of the lot, substantially decreased the value of the lot. Taubert's personal interest was, therefore, specially and injuriously affected, and the court improperly held that Taubert was not an aggrieved party.

The judgment is reversed and the case is remanded with direction to sustain the plaintiffs' appeal.

In this opinion the other judges concurred.