[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I STATEMENT OF APPEAL
The plaintiffs, Robert G. Kovacs, Paul B. Kovacs Roger P. Kovacs and Advance Stone, Inc., appeal from the decision of the defendant, the Zoning Board of Appeals of New Milford (board), dismissing their appeal from the New Milford Zoning Commission's (commission) denial of their application for a renewal of a special permit to excavate on property located on Boardman Road in New Milford, Connecticut. The plaintiffs bring this appeal pursuant to General Statutes § 8-9.
 II BACKGROUND
This is one of five consolidated appeals arising out of the New Milford zoning commission's denial of two applications to renew a permit to excavate a 347 acre property on Boardman Road in New Milford. The Kovacses are the owners of the subject property and do business as a general partnership known as Quarry Stone Gravel. A portion of the property is leased to Advanced Stone, Inc., which operates a quarry on the property.
The record on appeal reveals the following facts. Between 1969 and 1971, the board of selectmen of the town regulated earth removal activities under a town ordinance. Before the board of selectmen began regulating the activity in 1969, the subject property had been used for earth removal, quarrying and the processing of stone. The property has always been in an industrial zone. In December 1971, the town adopted zoning regulations pursuant to which the zoning commission assumed the function of reviewing and issuing excavation permits. The mining, quarrying and processing of gravel, sand, rock and other earth materials was a permitted CT Page 16372 use in the industrial zone until June 20, 1985, at which time the zoning regulations changed and the earth excavation operations on the subject property became an existing non-conforming use of the land.
The Kovacses, who owned the property prior to 1969, took out permits for 56 acres of the subject property in 14 permits of 4 acres each beginning in 1969. They have filed annual applications, first with the board of selectmen and then with the commission, renewing the 14 permits as either active or inactive permits each year since that time. All of the annual permit renewal applications specifically recite that the area was covered by permit #15.
On May 14, 2000, Robert Kovacs and Advanced Stone, Inc. applied for a renewal of permit #15 for 7 active permits and 7 inactive permits of 4 acres each for 56 acres of the subject property. Public hearings on the application were held on July 25, 2000 and September 12, 2000. The hearing was closed on September 26, 2000.
On November 28, 2000, the commission denied the application. At that time, the commission instructed the Zoning Enforcement Officer (ZEO) to inspect the property and to issue a cease and desist order if mining operations were ongoing. On November 30, 2000, the ZEO issued a cease and desist order upon a finding that there were excavating, processing and removal of earth products occurring on the property without a permit. On December 14, 2000, the plaintiffs appealed both the denial of the permit and the cease and desist order to the zoning board of appeals. The ZEO subsequently issued a second cease and desist order on December 22, 2000, which the plaintiffs appealed to the board on January 2, 2001.
In February 2001, while the first three appeals were pending before the board, the plaintiffs applied, again, to the commission for a renewal of mining permit #15 for 7 active and 7 inactive permits for four acres each for 56 acres of the subject property. Public hearings on the application were held on March 13, 2001, April 10, 2001, and April 24, 2001. The hearing was closed on May 8, 2001. On July 2, 2001, the commission denied the application. On July 31, 2001, the plaintiffs appealed the commission's decision to the board. A public hearing on the plaintiffs' appeal was held on September 19, 2001, at which hearing the board voted to dismiss the appeal on the ground that it was without jurisdiction to hear an appeal from the commission's denial of a permit application.
Presently before the court is the plaintiffs' appeal from the board's dismissal, on jurisdictional grounds, of their appeal from the commission's July 2, 2001 denial of the second application to renew permit #15. CT Page 16373
 III JURISDICTION
General Statutes § 8-8 governs appeals taken from the decisions of a zoning commission to the superior court. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.)Bridgeport Bowl-O-Rama v. Zoning Board of Appeals, 195 Conn. 276, 283,487 A.2d 559 (1985).
 A Aggrievement
"[P]leading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal. . . . It is [therefore] fundamental that, in order to have standing to bring an administrative appeal, a person must be aggrieved." (Brackets in original; citations omitted; internal quotation marks omitted.) Harris v. Zoning Commission, 259 Conn. 402, 409, 788 A.2d 1239
(2002). "Aggrievement falls within two broad categories, classical and statutory." (Internal quotation marks omitted.) Cole v. Planning Zoning Commission, 30 Conn. App. 511, 514, 620 A.2d 1324 (1993), aff'd on remand, 40 Conn. App. 501, 671 A.2d 844 (1996). "`Aggrieved person' . . . includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes § 8-8 (a)(1).
The plaintiffs, Robert Kovacs, Paul Kovacs and Roger Kovacs and their partnership, Quarry Stone Gravel, are the owners of the property involved in this appeal. As such, they are statutorily aggrieved by the board's dismissal of their appeal. The plaintiff, Advanced Stone, Inc., operates the quarry on the property and leases part of the property for which the permit was requested. As a lessee of the property it is also aggrieved under § 8-8 (a)(1). R R Pool Home, Inc. v. ZoningBoard of Appeals, 43 Conn. App. 563, 568-570, 684 A.2d 1207 (1996).
 B Timeliness and Service of Process
General Statutes § 8-8 (b) provides, in part, that an "appeal shall be commenced by service of process in accordance with subsections (e) and CT Page 16374 (f) [now subsections (f) and (g)] of this section within fifteen days from the date that notice of the decision was published as required by the general statutes." Subsection (e) [now subsection (f)] further provides that service "shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality."
Notice of the board's decision was published in the New Milford Times on September 28, 2001. The present appeal was commenced on October 5, 2001, by service of process upon Walter Bayer, chairman of the zoning board of appeals of the town of New Milford and upon Donna Ramsey, assistant town clerk of the town of New Milford. The court finds, accordingly, that the plaintiffs commenced this appeal in a timely fashion upon the proper parties.
 IV DISCUSSION
The plaintiffs appealed the denial of the permit to the zoning board of appeals as well as to the Superior Court on the basis of Borden v.Planning Zoning Commission, 58 Conn. App. 399, 755 A.2d 224
(2000), which upheld the dismissal of an appeal taken to the Superior Court from the decision of a zoning commission on a site plan application. There, the defendant zoning commission argued that because the local regulations provided for an appeal to the zoning board of appeals from enforcement actions taken by the commission, the plaintiff had failed to exhaust administrative remedies. Id., p. 404. The appellate court agreed, but emphasized that the "answer to the question [of whether an appeal must be taken to the zoning board of appeals] lies in the `particular regulations at issue.'" Id., p. 407, quoting Castellon v.Zoning Board of Appeals, 221 Conn. 374, 383, 603 A.2d 1168 (1992). In the present action, the board argues that the particular regulations at issue, the New Milford zoning regulations, do not grant it the authority to decide an appeal from the denial of an excavation permit. This court agrees with the board.
"In Castellon v. Board of Zoning Appeals, 221 Conn. 274, 383 (1992), our Supreme Court noted that whether an administrative remedy is available is ascertained by examining the applicable regulations." Bordenv. Planning and Zoning Commission, supra, 58 Conn. App. 406. The issue in Castellon was the same issue this court must decide, namely whether the New Milford zoning regulations authorize an appeal to the zoning board of appeals from a decision by the zoning commission. The Supreme Court CT Page 16375 concluded, in Castellon, that "since, under the zoning regulations in this case, the zoning enforcement officer, and not the commission, was "the official charged with the enforcement of this chapter [124] or any bylaw, ordinance or regulation adopted under the provisions of this chapter', within the meaning of General Statues § 8-6, the board was correct in declining to review the commission's decision in this case. We conclude further that, since the regulations in this case do not provide for review of the commission's decision by the board, there is no further administrative remedy available from the board for the plaintiffs to exhaust before resorting to an appeal pursuant to General Statutes §8-9. Accordingly, the trial court improperly determined that the board should have heard the Plaintiff's appeal from the decision of the commission." Castellon v. Zoning Board of Appeals, supra, 221 Conn. 382.
Section 185-010 of the New Milford zoning regulations provides: "It shall be the duty of the Zoning Enforcement Officer to enforce the provisions of these Regulations." Section 195-010 provides: "The Zoning Board of Appeals shall have all the powers and duties as set forth in Section 8-5, 8-6 and 8-7 of the Connecticut General Statutes, as revised, hereby incorporated by reference only." General Statues § 8-6, entitled "Powers and Duties of Board of Appeals," provides in part: "(a) The Zoning Board of Appeals shall have the following powers and duties: (1) to hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this Chapter." Pursuant to § 185-010, as set forth above, the ZEO is "the official charged with the enforcement" of the zoning regulations of the town of New Milford. Accordingly, under Castellon, the board has no jurisdiction to hear appeals from decisions of the commission because the commission is not the official charged with enforcement. Any attempt by the board to exercise jurisdiction over an appeal from a decision by the commission would exceed the powers conferred upon it by § 8-6 of the General Statutes.
The plaintiffs argue, however, that the recent decision in Borden v.Planning and Zoning Commission, supra, 58 Conn. App. 399, created some confusion as to the Supreme Court's holding in Castellon. This court disagrees with the plaintiff.
The facts of Borden are distinguishable from those of Castellon. InBorden, the local regulation at issue authorized an appeal from any "order, requirement, or decision made by the Commission or its agent in the enforcement of these Regulations" to the zoning board of appeals. (Emphasis added.) Id., p. 406. Thus the local regulations themselves CT Page 16376 provided for an appeal to the zoning board of appeals from enforcement actions taken by the commission. The regulations in the present appeal, however, do not provide for a review by the board of any commission decision, whether it be an enforcement decision or some other action.
 V CONCLUSION
For the foregoing reasons, the plaintiffs' appeal is dismissed.
___________________ CREMINS, J. CT Page 16377