D.S. Associates et al. *v.* Planning and Zoning Commission of the Town of Prospect et al. (10458)

O'Connell, Lavery and Landau, Js.

Argued February 14—decision released May 12, 1992

*N. Warren Hess III,* for the appellants (plaintiffs).

*Maureen Danehy Cox,* with whom, on the brief, was *Brian T. Henebry,* for the appellees (defendants).

LAVERY, J. This is an appeal by the plaintiffs Twin Pines Development Corporation (Twin Pines) and D.S. Associates, from the trial court's dismissal of their appeal from the denial by the defendant Prospect planning and zoning commission of an application for subdivision approval.[1] Twin Pines claims that the trial court improperly (1) dismissed its appeal after determining that it was an aggrieved party, (2) determined that the commission lacked jurisdiction to consider the subdivision application, and (3) dismissed its appeal, because the commission accepted and processed the application for subdivision approval. Twin Pines argues

---

[1] D.S. Associates had no interest in the property at the time the application was filed by its authorized agent or at any time thereafter. "[I]n order to retain standing as an aggrieved person, a party must have and must maintain a specific, personal and legal interest in the subject matter of the appeal throughout the course of the appeal." *Primerica* v. *Planning & Zoning Commission,* 211 Conn. 85, 94, 558 A.2d 646 (1989). Therefore, the trial court properly found that D.S. Associates was not aggrieved and properly dismissed the appeal as to it. Twin Pines' brief does not include any claims on behalf of D.S. Associates, so its claims are deemed abandoned. *State* v. *Ramsundar,* 204 Conn. 4, 16, 526 A.2d 1311, cert. denied, 484 U.S. 955, 108 S. Ct. 348, 98 L. Ed. 2d 374 (1987).

that there was merely a technical error on the face of the application that had no bearing on the commission's decision on the subdivision application. We affirm the judgment of the trial court.

The following facts are pertinent to this appeal. D.S. Associates is a partnership consisting of four partners, who are the shareholders in Twin Pines. On July 29, 1988, acting through its authorized agent Robert L. Jones, D.S. Associates filed an application for a subdivision of land located partially in Prospect and partially in Naugatuck.[2] The application listed D.S. Associates as the owner of record. D.S. Associates had acquired title by deed dated December 30, 1986, and recorded in Prospect's land records on February 4, 1987. The commission treated D.S. Associates as the owner of the property at all times—in its correspondence, in the minutes of its meeting, in its legal notice for public hearing on the application, at the hearing on the application, and in its publication of the notice of its decision.

By deed dated May 31, 1988, and recorded on June 2, 1988, however, D.S. Associates had conveyed title to Twin Pines. Twin Pines was never involved in the proceedings before the commission. Further, the commission never considered Twin Pines an applicant for subdivision approval or a party to the application proceedings. Neither Twin Pines nor its agent signed the application. Twin Pines did not seek to substitute itself for D.S. Associates before the commission, nor did it even identify itself to the commission. The commission denied D.S. Associates' application, citing twelve reasons for its decision.

D.S. Associates and Twin Pines then appealed to the trial court. The trial court found that D.S. Associates

---

[2] D.S. Associates' subdivision application submitted in Naugatuck was granted prior to the hearing before the commission in Prospect, and is not the subject of this appeal.

was not aggrieved since it had no interest in the property either at the time of or at any time subsequent to the application. The trial court further found that Twin Pines was an aggrieved party as the owner of record, but that the commission lacked subject matter jurisdiction to consider the application because the zoning regulations require an owner or an authorized agent of the owner to apply for the subdivision approval.

The trial court properly found that Twin Pines is an aggrieved party because it is the owner of record of the property at issue and has been the owner since before the date of the application. *Bossert Corporation* v. *Norwalk,* 157 Conn. 279, 285, 253 A.2d 39 (1968).

The dispositive issue in this appeal is whether Twin Pines has standing. Standing implicates the court's subject matter jurisdiction. *Planning & Zoning Commission* v. *Gael,* 9 Conn. App. 538, 542–43, 520 A.2d 246, cert. denied, 203 Conn. 803, 522 A.2d 294 (1987). "When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justiciable, or whether, on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded." *Mystic Marinelife Aquarium, Inc.* v. *Gill,* 175 Conn. 483, 492, 400 A.2d 726 (1978).

This is one of those rare cases in which the plaintiff is aggrieved but does not have standing. General Statutes § 8-26 provides in pertinent part: "All plans for subdivisions . . . shall be submitted to the commission with an application in the form to be prescribed by it." Section III B of the Prospect subdivision regulations provides in relevant part: "Final Subdivision Application. 1. Application for approval of a plan of a subdivision shall be made by the owner(s) of record of the subject property or by an authorized agent, in writing on a form furnished by the Commission."

D.S. Associates is a partnership, Twin Pines is a corporation. Even though the shareholders of the corporation and the partners are all the same, the partnership and the corporation have a separate legal identity and are separate persons under the law. *Fidelity Trust Co.* v. *BVD Associates,* 196 Conn. 270, 279–81, 492 A.2d 180 (1985). " 'If they adopt the corporate form, with the corporate shield extended over them to protect them against personal liability, they cease to be partners and have only the rights, duties and obligations of stockholders. They cannot be partners *inter sese* and a corporation as to the rest of the world.' " *Karanian* v. *Maulucci,* 185 Conn. 320, 324, 440 A.2d 959 (1981).

Twin Pines, a separate legal entity, did not apply for a subdivision of the property, nor did it authorize an agent to do so. "Where zoning ordinances *have not specifically required owners to apply* or to authorize the application, this court has sustained the issuance of permits to persons who were not owners but who did have *substantial interests* in the subject property." (Emphasis added.) *Richards* v. *Planning & Zoning Commission,* 170 Conn. 318, 321–22, 365 A.2d 1130 (1976). In the present case, the commission must prevail on both grounds. The zoning regulations did specifically require the property owner or its agent to apply for subdivision approval. Consequently, Twin Pines' failure to comply with the regulations cannot be remedied by their having a substantial interest in the property. Further, the applicant, D.S. Associates, had no interest in the property either at the time of or subsequent to the application, and Twin Pines was at no time either a party to or a participant in the proceedings before the commission.

The judgment is affirmed.

In this opinion the other judges concurred.