[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal has only two related issues: (1) Whether a lessee can apply for a special permit where the lease prohibits alterations of the leased property unless the lessor consents, and (2) Whether a zoning commission can grant a special permit to the lessee where the record title owner objects to the application and there is no provision in the zoning regulations requiring the owner to sign the application or consent to it.
The essential facts are not disputed and the appellant does not claim that the special permit approved by the zoning commission did not conform to the zoning regulations. The appellant, Lea Manor Health Care Center, Inc. (Lea Manor) is the record title owner and the lessor of real property at 73 Strawberry Hill Avenue in Norwalk. In April, 1986 Lea Manor entered into a twenty-five year lease commencing May 1, 1986 with Health Resources of Norwalk, Inc. (Health Resources) for the subject property. The property was used for a convalescent home and was leased to Health Resources at a rental of $30,000 per year for the first five years, $50,000 per year for the sixth through nineteenth years, and $55,000 per year for the remainder of the twenty-five year lease. In addition the lessee is obligated to pay a $260,000 note signed by the president of Lea Manor to a bank and assume other obligations of the lessor amounting to $790,000. The lease gives the lessee the option to CT Page 10161 renew it for an additional ten years for $625,000.
Paragraph twenty of the lease covers alterations and states that the lessee cannot make alterations of the real property improvements without the written consent of the lessor. It also provides that consent will not be unreasonably withheld and that approval is assumed if the lessor does not notify the lessee within thirty days after receiving notice of proposed alterations. There is a civil action pending in the Housing Session at Norwalk to determine the rights of Lea Manor and Health Resources under the lease and whether it has been breached by either party.
On January 15, 1993 Health Resources filed an application with the Norwalk Zoning Commission (Commission) for a special permit for the subject property, basically requesting an increase in capacity for the convalescent home from 120 to 130 beds. While the application form of the Commission requires the applicant to identify the property owner, there is no provision in the Norwalk Zoning Regulations requiring consent of the property owner for a zoning application of any kind, including a special permit. There is also no provision that the record title owner sign the application. Lea Manor objected to the application even before the public hearing, prompting a request for a legal opinion from the Commission to the Corporation Counsel's office. By letter of February 1, 1993 Assistant Corporation Counsel Peter J. Strassberger advised the Commission that the Zoning Commission could not resolve the dispute between the property owner and the tenant, and that the Commission should decide the application on whether or not it conformed with the zoning regulations. A public hearing was held on March 17, 1993. In addition to discussion of the merits of the requested special permit, representatives of the record title owner made it clear that they objected to the application and claimed that their consent was required for the Commission to grant the special permit. After reviewing the application on the merits, the Commission granted the special permit on April 21, 1993 and published a legal notice of approval on April 29, 1993. Lea Manor commenced this appeal within fifteen days of publication as required by 8-8 of the General Statutes.
At trial the parties stipulated that the appellant is the record title owner of the subject property and that it was the owner when the application was filed. As the owner of the land involved in the agency's decision, the appellant has proved aggrievement and has standing to maintain this appeal. Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303, CT Page 10162 308; Bossert Corporation v. City of Norwalk, 157 Conn. 279, 285.
Since the appellant has not questioned whether the special permit was properly approved on the merits, and raises no claim of procedural errors of the part of the Commission, the court presumes that the application complied with the regulations and that the agency followed proper procedures. Members of an administrative agency are presumed to have done their duty unless the contrary appears. Murach v. Planning Zoning Commission, 196 Conn. 192,205.
The issue in this case, standing of a lessee to make an application to a land use agency where the property owner objects to it, is a legal question. The court agrees with the opinion of the Assistant Corporation Counsel that the Commission's role was to decide whether or not the special permit complied with the zoning regulations, and that the Commission should not resolve conflicting claims of rights to the subject property between the owner and the tenant. Under the Norwalk Zoning Regulations there was no provision requiring the owner's consent as a prerequisite for accepting and granting a special permit application. Accordingly, cases where the owner's consent was required under the land use regulations are not controlling on the standing of the lessee to file the application or for the Commission to grant it. See D.S. Associates v. Prospect Planning Zoning Commission,4 Conn. L. Rptr. 149, affirmed 27 Conn. App. 508, 511; Longstreth v. Southbury Inland Wetlands Agency, 2 Conn. Super. Ct. Rpts. 941 (1987) (regulations required owner to apply for regulated activities permit); Chesson v. Zoning Commission, 157 Conn. 520, 527. This appeal is not an appropriate forum to decide whether consent to the application was unreasonably withheld as in Christopherson v. Planning Zoning Commission, 6 Conn. Super. Ct. Rpts. 392 (1991). Moreover, the rights of the parties under the lease will be decided in the Housing Court. Land use agencies can only regulate use of land and cannot decide title, ownership or rights to real property. Beckish v. Manafort, 175 Conn. 415, 422; Gagnon v. Municipal Planning Commission, 10 Conn. App. 54, 58, cert. denied 203 Conn. 807; Iannuzzi v. Planning Zoning Commission, 6 Conn. Super. Ct. Rpts. 188 (1991).
Assuming that the improvements allowed by the special permit cannot be built without the consent of the owner, an issue to be resolved in the Housing Court rather than in an administrative appeal, the remaining issue here is whether the lessee has sufficient standing to apply for the special permit in the absence CT Page 10163 of a provision in the zoning regulations requiring the owner's consent. An administrative appeal properly focuses on whether a special permit was properly granted by the zoning commission and not whether the project will ultimately be built utilizing the special permit and other approvals that must be obtained. After discussion, a majority of the Commission followed the recommendation of the Corporation Counsel and granted the application even though the property owner objected to it. The issue on appeal is a legal question on for the court and the opinion the Commission on standing is not controlling.
Where, as here, there is no statute or regulation requiring the property owner to apply for or consent to an administrative land use application, the question becomes whether the applicant has standing, namely a sufficient legal interest, to apply for the special permit. Standing to apply for a special permit is discussed in Richards v. Planning Zoning Commission, 117 Conn. 318,321-324, which includes prior Connecticut cases on standing to apply for permits or variances. There it was recognized that the general rule is that lessees of property usually have standing to apply for a permit or variance, and that prior cases implicitly recognized that right. Id., 322, citing 89 A.L.R.2d 663, 677 5; (Zoning: Who may apply for variance, special exception, or use permit, or appeal from denial thereof); Nielsen v. Board of Zoning Appeals, 129 Conn. 285; Chevron Oil Co. v. Zoning Board of Appeals,170 Conn. 146. The Richards case summarizes the test on standing as follows:
 "From an examination of our cases and those of other jurisdictions, it is not possible to extract a precise comprehensive principle which adequately defines the necessary interest which a non-owner must possess in order to have standing to apply for a special permit or a variance. The decisions have not been based primarily on whether a particular applicant could properly be characterized as an optionee or a lessee, but, rather, on whether the applicant was in fact a real party in interest with respect to the subject property. Whether the applicant is in control of the property, whether he is in possession or has a present or future right to possession, whether the use applied for is consistent with the applicant's interest in CT Page 10164 the property, and the extent of the interest of other persons in the same property, are all relevant considerations in making that determination." Id., 323, 324.
If this test is applied to the subject property, Health Resources as lessee has a sufficient interest to have standing to file a special permit application. It has eighteen years remaining on the lease with an option to renew the lease for an additional ten years. During that time it is in control of the nursing home facility on the subject property and has a present and future right to possession as long as it complies with the terms of the lease. The special permit was filed to increase the capacity of the nursing home from 120 to 130 beds, a use consistent with the applicant's present use of and interest in the subject property. In order for the owner to declare a default under the lease it must obtain the approval and authorization of the Connecticut Development Authority. While the plaintiff as the property owner also has an interest in the subject property, it will not obtain possession until the lease is terminated, either by a default or completion of the term of the lease. Moreover, it is difficult to see how the proposed expansion of the facility jeopardizes the owner's interest in the property.
The Richard decision refers to Bowen v. Metropolitan Board of Zoning Appeals, 161 Ind. App. 522, 317 N.E.2d 193, 198 (1974), where a lessee of commercial property was held to have standing to apply for a variance despite the objection of the lessor, and despite the fact that the application required the owner's signature. Other cases discussing the standing of a lessee to make a land use application consider whether the lessee has a substantial interest in the subject property such as under a written lease for a significant term, as opposed to a tenant at will without a written lease. While the Bowen case involved a 99 year lease, Health Resources has a significant interest in the subject property under its 25 year lease and option, for up to 28 additional years. The fact that the owner may ultimately prevent completion of the project if it can reasonably object to the alterations does not defeat the standing of the lessee to process the special permit application.
The purpose of the standing requirement is to prevent applications for land use approvals by persons who have no real interest in the subject property or who file an application for an improper motive. There is a legitimate purpose for the application CT Page 10165 here and it is consistent with the applicant's right to use the subject property under the term of the lease. The case of Antenucci v. Hartford Roman Catholic Diocesan Corporation,142 Conn. 349, 345, relied upon by the plaintiff as distinguishable because it is an injunction action and does not address the issue involved in this appeal. In some cases the objection of the property owner may be sufficient to block a special permit application, but here the applicant had a sufficient interest to give it standing to apply to the commission. The fact that the record title owner of the property objects is not sufficient to overcome the right of the lessee to make the application.
The appeal is dismissed.
ROBERT A. FULLER, JUDGE