[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Aaron Reid, has appealed a decision of the defendant, Town of Hebron Conservation Commission (Commission), denying the plaintiff's building permit application to conduct regulated activities on his land at Lot 84, 269 Deepwood Drive in the Town of Hebron, Connecticut. The Commission acted pursuant to General Statutes § 8-26 and sections 22a-36 through 22a-45, and the inland wetland regulations of the Town of Hebron. The plaintiff appeals pursuant to General Statutes § 8-8.
On May 19, 1993, the plaintiff applied to the Commission for a permit to build a single family seasonal dwelling on the plaintiff's property at Lot 84, 269 Deepwood Drive, Hebron, Connecticut. On October 12, 1993, the Commission held a public hearing to consider the plaintiff's application. The plaintiff attended the hearing and presented evidence in support of his application. On October 19, 1993, the Commission denied the plaintiff's application for a permit to conduct regulated activities in inland wetlands and watercourses on the plaintiff's parcel. The Commission published notice of its decision in the Regional Standard, a local newspaper on October 23, 1993. CT Page 7688
On November 12, 1993, the plaintiff filed an appeal with the clerk of the Superior Court, Judicial District of Tolland, at Rockville. The plaintiff argues that it is aggrieved by the decision because it deprives the plaintiff of any reasonable use or practical value of his property and amounts to a total confiscation and taking of the property without just compensation. Additionally, the plaintiff argues that the Commission acted illegally, arbitrarily and in abuse of its discretion and in violation of General Statutes § 22a-36 through 22a-45, and of the Commission's own regulations in that: (1) the Commission's decision lacks any credible support in the record; (2) the plaintiff fully demonstrated through unchallenged evidence his compliance with all the relevant provisions of the Inland Wetlands and Watercourses Act; (3) the plaintiff demonstrated through unchallenged evidence, his compliance with all the relevant regulations of the Conservation Commission of the Town of Hebron; (4) the reasons for denial of the permit application stated in the records of the Commission are insufficient as a matter of law as a basis for denial; (5) the denial was a violation of § 22a-40(a)(2) regarding the use of the lot for a residential home on a subdivision lot approved by a municipal planning, zoning or planning and zoning commission as of the effective date of promulgation of the municipal regulations which is a permitted use a matter of right; (6) the Commission denied the application in reliance upon reports and studies of the general area which are not part of the regulations of the Town of Hebron's Conservation Commission, but which are used to deny all such uses in this area which reports and records of a general nature were made part of the Record in this case; (7) the Commission's action constitutes the deprivation by the defendants, under color of state law, of the rights, privileges and immunities of the plaintiff under the Fifth andFourteenth Amendments to the United States Constitution and under federal law, and; (8) the Commission's action on the plaintiff's application constitutes a deprivation by the defendants of the rights, privileges and immunities of the plaintiff in violation of the Constitution of Connecticut, Article First, Section 11 and Section20.
The defendant filed its answer on December 29, 1993. The plaintiff's brief in support was filed on March 17, 1995. Although not a party to the original action, the Commissioner of Environmental Protection was served with the citation, writ and summons pursuant to General Statutes § 22a-43(a). The Commissioner of Environmental Protection filed its brief on April 13, 1995. The CT Page 7689 Commission filed its brief on April 27, 1995.
The parties appeared before the court and argued the merits of the appeal on September 3, 1996.
In order to take advantage of a statutory right of appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which create that right.Simko v. Board of Appeals, 206 Conn. 374, 377, 538 A.2d 202 (1988). These provisions are mandatory and jurisdictional; failure to comply may subject the appeal to dismissal. Id.; Capalbo v.Planning Zoning Board of Appeals, 208 Conn. 480, 485,547 A.2d 528 (1988).
A party appealing a decision of a municipal land use agency must be "aggrieved" by the agency's decision. "Aggrievement" is a jurisdictional matter and a prerequisite for maintaining an appeal.Winchester Woods Associates v. Planning Zoning Commission,219 Conn. 303, 307, 592 A.2d 953 (1991). The question of aggrievement is essentially one of standing. DiBonaventura v. Zoning Board ofAppeals, 24 Conn. App. 369, 373, 573 A.2d 1222 (1991). Unless the plaintiff alleges and proves aggrievement, the court must dismiss the appeal. Id. "To be an aggrieved person, one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and the appellant must be specifically and injuriously affected as to property or other legal rights." Smith v. Planningand Zoning Board, 203 Conn. 317, 321, 524 A.2d 1128 (1987).
General Statutes § 8-8(a)(1) defines an "aggrieved person" as including "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." Mere status as a party or participant in an administrative hearing does not by itself constitute aggrievement. Hartford Distributors Inc. v. Liquor ControlCommission, 177 Conn. 616, 620, 419 A.2d 346 (1979). For aggrievement, "[the injury to [a plaintiff's] specific, personal and legal interest must affect his property or other legal rights." (Internal quotation marks omitted.) Goldfeld v. Planning ZoningCommission, 3 Conn. App. 172, 175-76, 486 A.2d 646 (1985). "[t]he appellant must sustain his interest in the property involved throughout the course of his appeal." Id., 177.
At the hearing on September 3, 1996, evidence was proffered to CT Page 7690 show that the plaintiff transferred his interest in lot 84, 269 Deepwood Drive, Hebron, Connecticut, to M A Investments, LLC, on March 4, 1994. The defendants argue that, having transferred his interest, the plaintiff cannot be aggrieved. The plaintiff argues that the property was transferred to a limited liability company, of which, he is a fifty per cent owner.
"Property transferred to or otherwise acquired by a limited liability company is property of the limited liability company and not of the members individually. A member has no interest in specific limited liability company property." General Statutes §34-167. Although there is no caselaw addressing this issue as to a limited liability company, the Connecticut courts have addressed aggrievement when it pertains to other business entities.
In the case of D.S. Associates v. Planning ZoningCommission, 27 Conn. App. 508, 607 A.2d 455 (1992), a partnership and a corporation brought an appeal from a denial of a subdivision application. It was the partnership that applied for the subdivision. The partnership then transferred its interest in the property to a corporation. After the town's planning and zoning board denied the application, both the partnership and corporation appealed the board's decision. While the stockholders of the corporation were the members of the partnership, the court found that the partnership lacked aggrievement because it had transferred its interest, and the corporation lacked standing because it was not the party before the board. Id., 511.
The plaintiff suggests that since it is a owner of the limited liability company, he is still aggrieved. The plaintiff relies on the case of Infante v. Planning Zoning Commission of Monroe,
Superior Court, Judicial District of Fairfield, at Bridgeport, Docket No 215062 (Jacobson, J., January 23, 1986). In Infante,
supra, the plaintiff conveyed his legal title of one acre of the subject property to his son. The defendant argued that the plaintiff was aggrieved. The plaintiff, however, demonstrated that he is the sole stockholder of a corporation which owns two of the other acres affected by the boards decision. The court held that as sole stockholder who owns and controls the corporation, he is the beneficial owner of the property to which the corporation owns legal tile and therefore he is still aggrieved. Id.
The reasoning of the Infante decision is not applicable to the present case. The plaintiff in the instant action is not the sole owner of the company which now owns the property. Therefore, CT Page 7691 unlike the Infante decision, the plaintiff cannot be deemed in sole control of the property or the sole beneficiary of the property to which the limited liability company has legal title. The decision in D.S. Associates v. Planning Zoning Commission, supra, is controlling. The plaintiff, in the present case, transferred his interest in the property to another party who was not a party before the Commission and not a party to this action. Therefore, the plaintiff is not aggrieved.
Without aggrievement, a party has no standing to appeal. Accordingly, the plaintiff's appeal is dismissed.
BISHOP, J.