[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal from a decision of the Zoning Board of Appeals of the town of Wilton (hereinafter "the Board"). Guy Poirier and Colette Poirier (the Plaintiffs) Plaintiffs' own property that is located in a Residential Two-Acre Zone (R-2A) in the town of Wilton.[1] The issue in this appeal is whether a lot that was created prior to the adoption of the 1954 zoning regulations and which complied with those regulations when adopted, is protected from later regulations that render it nonconforming. If this Court's answer is in the affirmative, then the Plaintiffs' appeal must be sustained and the decision of the Zoning Board of Appeals must be reversed. If this Court's answer is in the negative, then the decision of the Zoning Board of Appeals must be upheld and this Appeal must be dismissed. After completing its review of the record and the applicable law, this Court has come to the conclusion that the answer is in the negative and therefore the Appeal is dismissed.
On or about November 16, 1999, the Plaintiffs submitted an application to the Zoning Enforcement Office of the town of Wilton requesting a zoning permit to allow the construction of a breezeway and garage on their property. Said application was denied by the Town's Zoning Enforcement Officer ("ZEO") for reason that the proposed coverage was in excess of the coverage allowed in the town's zoning regulations.
On or about December 23, 1999, the Plaintiffs appealed the ZEO's decision to the Zoning Board of Appeals of the town of Wilton (the Defendant) (Return of Record Exhibit "A"). The principal ground for the appeal was that under the Zoning Regulations that were in effect prior to the Regulations that are now in effect, the Plaintiffs were permitted to CT Page 5567 construct the breezeway and garage that they now seek to construct. The Plaintiffs assert that despite the fact that the new regulations no longer permit them to construct the project, they are still entitled to go forward for reason that Connecticut General Statutes § 8-26a(b) permits them to construct the proposed garage and breezeway in accordance with the zoning regulations that were in effect on April 7, 1954, the date that the subject lot was created as part of a subdivision duly approved by the Planning Commission of the town of Wilton.
A public hearing was held on January 16, 2000. The Zoning Board of Appeals denied Appellant's appeal (Return of Record Exhibit "D"). Said decision was released on January 27, 2000 (Return of Record Exhibit "F"). The Zoning Board of Appeals of the town of Wilton denied the Plaintiffs appeal of the ZEO's decision on the grounds that his interpretation of § 8-26a(b) was a reasonable interpretation of the law that enforced reasonable use of the subject property.
The parties hereto are in agreement that the Zoning Regulations of the town of Wilton in effect at the time that the subject lot was created did not have coverage requirements.
Section 29-5.D of the Zoning Regulations of the town of Wilton Connecticut (Effective Date, March 15, 1994 as Revised December 1, 1998) (Return of Record Exhibit "H") concerns "Area and Bulk Requirements".
This section provides in pertinent part that:
 The following area and bulk requirements shall be applicable to all developments in the R-2A, R-IA, CRA-l0, THRD, DRD and MFAAHD District, as indicated. Dimensions are in feet unless otherwise indicated . . . Maximum Bldg. Coverage (percentage of lot area) . . . R-2A Single Family Residence . . . 7 [percent]
In order for this Court to proceed with the issues presented by the parties it must first make the threshold determination as to whether the Plaintiffs are aggrieved.
"'The question of aggrievement is essentially one of standing. Beckishv. Manafort, 175 Conn. 415, 419, 399 A.2d 1274 (1978). The issue of standing invokes the trial court's subject matter jurisdiction. D.S.Associates v. Planning Zoning Commission, 27 Conn. App. 508, 511,607 A.2d 455 (1992). The issue cannot be waived. "Proof of aggrievement is essential to a trial court's jurisdiction of a zoning appeal.'" R RPool Home, Inc. v. Zoning Board of Appeals, 43 Conn. App. 563, 568,684 A.2d 1207 (1996). "Standing is not a technical rule intended to keep CT Page 5568 aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." (Internal quotation marks omitted.)DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369,373-74, 588 A.2d 244, cert. denied, 219 Conn. 903, 593 A.2d 129
(1991)
"[T]he fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. Cannavo Enterprises,Inc. v. Burns, 194 Conn. 43, 47, 478 A.2d 601 (1984); Bakelaar v. WestHaven, [193 Conn. 59, 65, 475 A.2d 283 (1984)]. Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. O'Leary v. McGuinness, 140 Conn. 80, 83, 98 A.2d 660 (1953)Hall v. Planning Commission, 181 Conn. 442, 445, 435 A.2d 975 (1980) . . . . [Connecticut State Medical Society v. Board of Examiners inPodiatry, 203 Conn. 295, 299-300, 524 A.2d 636 (1987)]." NortheastParking, Inc. v. Planning Zoning Commission, 47 Conn. App. 284, 288,703 A.2d 797 (1997), cert. denied, 243 Conn. 969, 707 A.2d 1269 (1998). "[I]n order to retain standing as an aggrieved person, a party must have and must maintain a specific, personal and legal interest in the subject matter of the appeal throughout the course of the appeal . . . . It is not enough for a party to have an interest in the property sufficient to establish aggrievement only at the time of the application to the commission." (Citations omitted.) Primerica v. Planning ZoningCommission, 211 Conn. 85, 94, 558 A.2d 646 (1989)
Bethlehem XN. Fellowship v. P. Z. Comm., 58 Conn. App. 441, 443 (2000).
The Plaintiffs in the instant action have made a satisfactory showing to this Court that they have a specific and personal interest in the matter at hand. Their interest was and is directly and adversely affected by the decision of the Zoning Board of Appeals to deny the subject permit. The Court therefore finds the Plaintiffs to be aggrieved.
This matter boils down to a simple issue as to whether the provisions of Section 8-26a(b) of the Connecticut General Statutes gives the CT Page 5569 Plaintiffs the right to construct the garage and breezeway in accordance with the Zoning Regulations that were in effect at the time that the subdivision where the subject property is located was approved.
Section 8-26a of the Connecticut General Statutes concerns the effects or a change in regulations concerning subdivisions or zoning. Subsection C.G.S. § 8-26a(b) was enacted in 1959 and provides that:
 Notwithstanding the provisions of any general or special act or local ordinance, when a change is adopted in the zoning regulations or boundaries of zoning districts of any town, city or borough, no lot or lots shown on a subdivision plan for residential property which has been approved, prior to the effective date of such change, by the planning commission of such town, city or borough, or other body exercising the powers of such commission, and filed or recorded with the town clerk, shall be required to conform to such change.
The language in § 8-26a(b) is clear and unambiguous as to its legislative intent, i.e. that once a residential subdivision plan has been approved by a planning commission, no lot or lots in said subdivision plan shall be required to conform to subsequent changes in the zoning regulations.
The Defendant argues in its Claims of Law (Page 7, of the Defendant's Brief, dated June 7, 2000) that "Even if C.G.S. § 8-26a(b) applies, the exemption extends only to changes affecting the actual lots themselves." The Court is not convinced by this argument for reason that it is well settled law that a general definition of a lot includes more than a lot itself:
 A general definition of a lot, as used in zoning regulations, has been recognized by the authorities to mean a parcel of land occupied or to be occupied by a principal building or group of buildings and accessory buildings including such open spaces as are required or arranged and designed to be used in connection with such buildings. 2 Yokley, Zoning Law and Practice (3d Ed.) 17-10; 1 Rathkopf, Law of Zoning and Planning (3d Ed.), c. 34-11; Bassett, Zoning, p. 188. We have recognized substantially similar definitions. Schultz v. Zoning Board of Appeals, 144 Conn. 332, 338, 130 A.2d 789; Corden v. Zoning Board of Appeals, 131 Conn. 654, 662, CT Page 5570 41 A.2d 912.
Bankers Trust Co. v. Zoning Board of Appeals, 165 Conn. 624, 632 (1974)
The statute is clear as to its legislative purpose and therefore there is no reason for this Court to use a statutory intent analysis to make such a determination:
 "When interpreting statutes, we rely on well established principles of statutory construction. [O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . . It is axiomatic, however, that when the statutory language is clear and unambiguous, construction of the statute by reference to its history and purpose is unnecessary." (Citation omitted; internal quotation marks omitted.) Boris v. Garbo Lobster Co., 58 Conn. App. 29, 36, 750 A.2d 1152 (2000)
 "The purpose of statutory construction is to give effect to the intended purpose of the legislature. . . . If the language of a statute is plain and unambiguous, we need look no further than the words actually used because we assume that the language expresses the legislature's intent." (Citations omitted; internal quotation marks omitted.) State v. DeFrancesco, 235 Conn. 426, 435, 668 A.2d 348 (1995)
State v. Gurreh, 60 Conn. App. 166, 171 (2000).
Although the legislative intent of the statute is clear, the legislative intent as to whether it is to be prospectively or retroactively applied is not.
 Whether to apply a statute retroactively or prospectively depends upon the intent of the legislature in enacting the statute.
John Badolato v. City of New Britain, 250 Conn. 753, 757 (1999). When CT Page 5571 trying to determine the legislative intent as to whether or not a statute should be retroactively applied it is appropriate to examine the legislative history of the statute. There is nothing in the language of § 8-26a(b) C.G.S. that indicates a legislative intent as to whether the statute should be retroactively applied. Therefore the Court must look beyond the confines of the statute to determine whether it should be retroactively applied.
 [I]t is proper to look beyond the words of [a statute] and to examine its legislative history in determining whether the legislature intended [it], to apply retroactively.
State v. Parra, 251 Conn. 617, 623 (1999)
Unfortunately, a thorough review of the legislative history of the subject statute does not give any clear indication of the legislative intent as to the issue of retroactive application. However the enactment of C.G.S. § 8-26a(b) was a substantial change in existing law that affected the substantive rights of a municipalities to enact or amend zoning regulations and to apply said enactment and/or changes to existing lots in a subdivision that has already been approved by a municipal planning commission. In light of the fact that the enactment of C.G.S. § 8-26a(b) was a substantive change in the law, this Court is of the position that it should not be retroactively applied.[2]
 [T]he legislature is presumed not to have intended the retroactive application of substantive changes in the law.
Renz v. Allstate Ins. Co., 61 Conn. App. 336, 346 (2001). Additionally it should be noted that a prospective application of the statute would not thwart the expressed in the legislative history of the statute of protecting the developer of subdivisions.
The subdivision that is the subject of this action was approved well before the enactment of C.G.S. § 8-26a(b). This Court has made a determination that the statute should not be retroactively applied. The Plaintiffs cannot prevail in their argument that the statute permits them to construct the proposed garage and breezeway in accordance with the zoning regulations that were in effect on April 7, 1954, the date that the subject lot was created as part of a subdivision duly approved by the Planning Commission of the town of Wilton. The Zoning Board's interpretation of the statute was reasonable and the appeal is dismissed. So ordered.
________________________ CT Page 5572 Richard A. Robinson, Judge
 ________________________ Date