[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from a decision of the Litchfield Inland Wetlands Commission ("Commission") For the reasons set forth in this opinion the appeal will be denied.
I. Facts
The plaintiffs are the owners of property which adjoins an interior tract of land owned by Katherine McAuliffe and Jay Kriegel ("McAuliffe and Kriegel"). The defendant, L.S. John Ciecimirski ("Ciecimirski"), has a contract with McAuliffe and Kriegel to purchase their interior tract of land. On July 11, 2001 the Commission approved Ciecimirski's application to build a driveway across three small watercourses in an old farm field to gain access to the rear of the McAuliffe and Kriegel land where he proposes to build a house. The plaintiffs have appealed from that decision citing four separate abuses of discretion.
This is the third driveway location which the Commission has approved on the McAuliffe and Kriegel land. McAuliffe and Kriegel obtained the first and second approvals. In 1998 the Commission approved a location which ran approximately 300 feet south of a small pond on the property. This location involved the crossing of three small wetlands or watercourses in the same farm field, but in a straighter, more southerly route than the current proposal. The second approval was obtained in 1998 for a location which ran on the north bank of the pond and passed over a berm which helps to retain the waters of the pond. This location involved crossing the outlet for the pond which discharges into undisturbed wetlands. The driveway was never built in either location.
Since 1998 the berm at the edge of the pond has deteriorated and washed out. Ciecimirski does not feel that it is safe to use this route for the driveway. The first driveway approval is no longer a possible route because McAuliffe and Kriegel no longer own all of the land where this CT Page 15885 proposed driveway was located. Therefore, Ciecimirski applied for this new permit to allow the driveway to be placed south of the pond through part of the old farm field on land still owned by McAuliffe and Kriegel. This proposed location requires approximately 45 feet less actual driveway construction within delineated wetlands soils areas than the 1998 location. This results in a 1350 square foot reduction in disturbed areas. The three proposed wetlands crossings are in relatively flat areas as compared to the 1998 crossing on the steeply sloped berm face. The proposed driveway location provides for buffering of the driveway construction activities and resulting storm flows through the upland grassed areas over more stable topography than the flows from the 1998 approved location that discharges to the north side of the pond berm in an area that does not support vegetation needed to filter runoff. There was evidence from an engineer hired by Mr. Ciecimirski and from the Town Engineer that the proposed driveway location represents a feasible and prudent alternative to the 1998 approval.
The Commission did not hold a public hearing on the Ciecimirski application but did allow discussion at its meetings on May 23, 2001 and July 11, 2001. At these meetings attorneys for Ciecimirski, McAuliffe and Kriegel, and the plaintiffs were allowed to present evidence and make argument. The engineer retained by Ciecimirski discussed the proposal, and the plaintiffs were able to present a written report from another engineer.
On July 11, 2001 the Commission approved the application with the condition that: "The existing berm around the pond be repaired and reviewed by the town engineer — to be completed simultaneously with the new driveway installation."
II. Standard of Judicial Review
In appeals of inland wetlands agency decisions the agency's decision must be sustained if there is substantial evidence in the record that supports any one of the reasons given by the agency of its decision.Sampieri v. Inland Wetlands Agency, 226 Conn. 579, 587-88 (1993). A reviewing court must not substitute its judgment for that of the administrative agency. Strong v. Conservation Commission,28 Conn. App. 435, 440 (1992). In addition, determining the credibility of witnesses and determining factual issues are within the agency's province. Feinson v. Conservation Commission, 180 Conn. 421, 425-26
(1980). Those who challenge an inland wetlands agency's decision carry the burden of demonstrating that there is no substantial evidence in the record to support the agency's action. Red Hill Coalition, Inc. v.Conservation Commission, 212 Conn. 710, 718 (1989). CT Page 15886
III. Discussion
A. Aggrievement
The plaintiffs are statutorily aggrieved by virtue of their owning land which abuts the land which is the subject of this application. C.G.S. Section 22a-43 (a).
B. Standing
The plaintiffs' first appeal issue is that Ciecimirski lacked standing to pursue the application because he did not sign the application and because McAuliffe and Kriegel did not sign a written consent to the application. Section 7.5(b) of the Litchfield Inland Wetlands and Watercourses Regulations provides that all applications shall give owner's name, address and telephone number and "written consent if the applicant is not the owner of the property involved in the application." This is a local regulation which is subject to the interpretation of the Commission itself. Baron v. Planning Zoning Commission,22 Conn. App. 255, 257 (1990). The trial court must determine whether the Commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts. Id.
The application form has lines for the signature of the "Applicant" and the "Agent or Owner (where applicable)." On both lines the signature of David R. Wilson, P.E. appears. Mr. Wilson was the engineer engaged by Ciecimirski to prepare and present the application. Mr. Wilson appeared at the meetings of the Commission to present and discuss the application. An attorney for McAuliffe and Kriegel also appeared at the meetings in support of the application. The plaintiffs did not raise this issue of written consent with the Commission. There is no question that the owners consented to the application and that Ciecimirski had a contract to purchase the property. There is also no question that Mr. Wilson had at least the implicit consent of the applicant and the owner to sign the application on their behalf. In essence, the sole issue raised by the plaintiffs is: does the applicant lack standing (and does the court, therefore, lack subject matter jurisdiction) because the application was signed by an agent of the applicant and the owners? The answer to this question is no.
There is nothing in the Connecticut statutes or the Litchfield Inland Wetlands and Watercourses Regulations which prevents an application from being signed by an agent. This is what happened here. The plaintiffs argue that this issue is controlled by the Appellate Court decision in CT Page 15887D.S. Associates v. Planning Zoning Commission, 27 Conn. App. 508
(1992). In that case the true owner of the subject property was never revealed to the Prospect Planning and Zoning Commission during the application process. The applicant for a subdivision was a former owner who filed the application claiming to be the owner of the property. The commission denied the application for several reasons having nothing to do with the standing issue. On appeal by the former owner and the current owner, the trial court correctly determined that the former owner was not aggrieved because it had no interest in the property either at the time of or at any time subsequent to the application. The current owner was found to be aggrieved but to have no standing because it did not apply for the subdivision ". . . nor did it authorize an agent to do so." Id.
at 512. The current owner was at no time either a party to or a participant in the proceedings before the commission. This situation is substantially different from the facts of the present case. An agent did apply for the permit on behalf of the contract purchaser and did sign the application on behalf of the owners to indicate their consent. The identity of the owners was never kept from the Commission. The applicant had the explicit oral consent of the owner, and an attorney representing the owners participated in the meetings with the Commission. For all of these reasons, Ciecimirski had standing to pursue the application.
C. Alternatives
The plaintiffs argue that the Commission failed to evaluate alternatives to the application. This argument is at odds with the record. There is substantial evidence in the record from which the Commission was entitled to conclude that the proposed driveway route would have less impact on the wetlands than the route approved in 1998. This is true even though the proposed route will require three wetlands crossings while the 1998 route only requires one. The record of the 1996 hearings clearly indicated the inconsequential nature as a wetland habitat of the old farm field where the proposed driveway is to cross.
The plaintiffs did have an engineer who wrote a report in which he opined that the route across the berm was more feasible and prudent than the proposed route through the old farm field. There were two other engineers who had a contrary opinion. The Commission was not required to accept the opinion of the engineer retained by the plaintiffs that the 1998 route across the top of the pond embankment is the more feasible and prudent of the two alternatives. See Huck v. Inland Wetlands andWatercourses Agency of the Town of Greenwich, 203 Conn. 525, 542 (1987). It was entitled to rely upon the conflicting opinions from the two other engineers who gave opinions on the subject. Therefore, the Commission had substantial evidence to conclude that the current route involving three CT Page 15888 small, inconsequential watercourse crossings was a feasible and prudent alternative to the prior crossing over a berm that has washed out over the last four years.
D. Delegation of Authority
The plaintiffs argue that the Commission improperly delegated its authority to the Town Engineer by imposing a condition that the berm be repaired simultaneously with the driveway installation and reviewed by the Town Engineer. In support of this argument the plaintiffs rely upon the case of Branhaven Plaza, LLC v. Inland Wetlands Commission,251 Conn. 269 (1999). This case has an unusual fact situation and is not directly on point. Branhaven involved construction of a Stop Shop supermarket on an 10.7 acre site and the total elimination of two wetlands areas. The commission granted a permit conditioned upon the payment of money and in-kind services to the town for future off-site "mitigation" for the loss of the wetlands in the construction on-site. However, the commission had not required that the applicant prepare a plan for the expenditure of the money for the off-site mitigation. Nor had the town prepared such a plan. The court stated that, in the absence of a mitigation plan, the commission was not in a position to determine whether the money would sufficiently offset the project impact. Id. at 284. "Upholding such nebulous mitigation would fly in the face of the purposes of the act." Id. Although this case does speak to the necessity of having actual plans of proposed activity before the impact of these plans can be weighed, this is not a case about delegation of authority.
The facts in the case at hand are much simpler than in Branhaven. There is a berm adjoining a small pond which has deteriorated and washed out. The Commission wants the berm repaired. The repairs are to take place simultaneously with the new driveway installation and are to be reviewed by the town engineer. The town engineer has not been delegated any function other than the job of reviewing the work to be certain the berm has been restored to its former state of good repair. This is a ministerial function rather than a discretionary one. There is no need for extensive plans and specifications as suggested by the plaintiffs. The scope of the work necessary to complete the job is very limited and the discretion vested in the town engineer is very limited. This is not an unlawful delegation of authority.
Even if this were an unlawful delegation, this condition could be severed so as to preserve the approval. If the condition is not an integral part of the Commission's decision, it could be severed and declared invalid. See Langer v. Planning Zoning Commission,163 Conn. 453, 459 (1972). The condition has nothing to do with the CT Page 15889 application. The application is to construct a driveway south of the pond. It will be isolated from the berm and will not contribute to the further erosion of the berm. It is not clear why this condition was attached to the approval. It could have been made a separate order directed to the owners. Therefore, it is unnecessary for the approval and is not an integral part of it. If it were declared invalid as a condition, the Commission could simply reissue it as a separate order directed to the owners.
For these reasons, the approval issued to Ciecimirski will no be declared invalid because of the condition attached to it.
E. Change of Conditions
The plaintiffs argue that the Commission was powerless to approve this application to reverse a prior decision" absent a change of conditions. This argument must be rejected for two reasons.
First, there has been a change of conditions. The berm has deteriorated and washed out. Therefore, the berm could not be the site of a driveway without repairs. But, more importantly, experience has now shown that the berm is not an ideal place for a driveway. A site which is subject to washouts could be dangerous particularly when vehicular travel is added to the normal wear and tear from the weather. Clearly this was not expected at the time of the 1998 approval. Experience is a best teacher, and the Commission was entitled to rely upon that experience in evaluating this application.
Second, the approval of this application is not a reversal of the 1998 approval. It merely grants the applicant an alternative route for access. It does not cancel the 1998 approval. There is no reason why a commission is unable to approve multiple applications on the same property.
IV. Conclusion
There is substantial evidence in the record supporting the Commission's decision. The plaintiffs have failed to carry the burden of demonstrating otherwise. Determining factual issues is within the Commission's province. The court will not substitute its judgment for that of the Commission. Therefore, the appeal is denied.
 John W. Pickard Judge of the Superior Court
CT Page 15890