# MICHAEL YAGEMANN, TRUSTEE, ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF GREENWICH ET AL.
## (AC 25554)

Flynn, DiPentima and Harper, Js.

Argued September 13—officially released November 22, 2005

*John P. Tesei*, with whom was *Christopher D. Bristol*, for the appellants (plaintiff Robert J. Christie et al.).

*Aamina Ahmad*, assistant town attorney, for the appellee (named defendant).

*Robert A. Fuller*, for the appellees (defendant Friends of Stanwich, LLC, et al.).

*Opinion*

FLYNN, J. The plaintiffs, Robert J. Christie, Katherine Lee Christie and Gloria Silverstein, executrix of the estate of Allan Silverstein,[1] appeal from the judgment of the trial court dismissing their appeal from the approval by the defendant Greenwich planning and zoning commission (commission) of applications for site plan approval and a special permit. Also defendants in the appeal are Friends of Stanwich, LLC, and Gina Higbie, trustee, the applicants for site plan approval and a special permit (applicants). On appeal, the plaintiffs who are abutting landowners, claim that conditions of approval placed on the granting of the applications were "invalid, impossible to satisfy, unenforceable and beyond the authority" of the commission and that those conditions were an integral part of the commission's decision, thereby rendering the approval of the applications improper. We affirm the judgment of the trial court.

---

[1] Michael Yagemann, trustee, and Marian Yagemann, trustee, were plaintiffs in the underlying appeal, but are not parties to this appeal. We refer in this opinion to the Christies and Silverstein as the plaintiffs.

The following facts, as set forth in the court's memorandum of decision, are relevant to our resolution of this appeal. "The subject property is located at 190 Taconic Road and 202 Taconic Road [in Greenwich], adjacent properties totaling approximately ten acres in an RA-4 residential zone with a single-family residence on each parcel. The application to the commission requested approval to remove one of the residences and other accessory structures, to use the other as a parsonage, and to construct a new church with attached meeting hall, offices, classrooms and associated parking [(new church)]. An existing small Stanwich Congregational Church [(existing church)] is located at 237 Taconic Road on seven-tenths of an acre approximately a quarter of a mile away from the proposed site for the new church. . . .

"At the administrative level, this application had received preliminary site plan approval by the commission, approval by the planning and zoning board of appeals of a special exception to operate a church in a residential zone [with some of the same conditions], as well as approval from the inland wetlands agency and the architectural review board. After two nights of public hearings, the commission unanimously granted the application with conditions. . . .

"The first [condition] contemplates the continued existence of the [existing] smaller church on Taconic Road about one quarter of a mile from the proposed new church. The commission required that a note be placed on the site plan that states: 'the existing church (with approximately 125 seats) located at 237 Taconic Road shall not have services at the same time as the proposed new church facility is having services and that there will be at least a one hour interval between uses at each site.' The second condition also is contained in a note to be added to the site plan: 'the banquet hall shall not be leased or rented out to groups not

affiliated with the Stanwich Church."[2] The third condition requires that the town traffic engineer be notified prior to the first 'major event' at the site."

The court, after analyzing the propriety of these conditions, concluded that the plaintiffs had not met their burden of proof that the commission had acted arbitrarily, illegally or in abuse of its discretion in granting the applications with the stated conditions and, accordingly, dismissed the plaintiffs' appeal.[3] The plaintiffs filed the present appeal, claiming that the first condition was "invalid, impossible to satisfy, unenforceable and beyond the authority of the . . . commission."[4]

Initially, although the applicants agree that the plaintiffs are statutorily aggrieved by virtue of being abutting property owners, they claim that the plaintiffs do not have standing to proceed in this appeal because they are contesting the enforceability of conditions placed on the applicants.

"When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue and

[2] The court also noted: "The first two conditions were included in response to the request of the plaintiffs themselves." The plaintiffs do not address the second condition on appeal.

[3] The court also concluded that the plaintiffs had standing to appeal on the basis of its finding that "the plaintiffs own property the value of which *could* have been implicated by the issuance of the defendants' permit . . . ." (Emphasis added; internal quotation marks omitted.) Additionally, the court did not address in detail the applicants' defense that the appeal was barred by the doctrines of res judicata and collateral estoppel. Instead, it specifically stated that it was deciding the appeal on the merits and that "in the circumstances of this case, the court is not precluded from ruling on the plaintiffs' claims of the illegality of the conditions simply because they might have also, but didn't appeal a decision of another agency."

[4] The plaintiffs also claimed that the third condition, requiring the traffic engineer to conduct a study after the first "major event," was an improper delegation of the commission's authority. This claim, however, lacks proper briefing and legal analysis. Accordingly, we decline to review it. See *Lawton* v. *Weiner*, 91 Conn. App. 698, 720, 882 A.2d 151 (2005).

not whether the controversy is otherwise justiciable, or whether, on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded." (Internal quotation marks omitted.) *D.S. Associates* v. *Planning & Zoning Commission*, 27 Conn. App. 508, 511, 607 A.2d 455 (1992).

The applicants claim that the plaintiffs did not have standing to proceed in the appeal to the trial court because they challenged only the enforceability of two conditions set forth in the approval of the final site plan and the special permit applications. The applicants argue that these conditions do not burden the plaintiffs and, therefore, that they do not have standing to contest them in an appeal. If that were the basis for the plaintiffs' appeal, we might agree with the applicants; we conclude, however, that the record clearly reveals that the plaintiffs appealed to the trial court from the commission's decision to approve the final site plan and to grant the special permit. They are not simply challenging the placing of certain conditions on those approvals. As abutting landowners, they have standing to appeal from the commission's approval of the applications. See General Statutes § 8-8 (b) ("any person aggrieved by any decision of a board, including a decision to approve or deny a site plan . . . may take an appeal to the superior court"). We now consider the merits of the plaintiffs' appeal.

The plaintiffs claim that the court improperly dismissed their appeal from the decision of the commission approving the final site plan and special permit applications. While agreeing that the conditions[5] were integral to the commission's decision, the plaintiffs argue that the court improperly went on to conclude

[5] We concern ourselves only with the condition that no simultaneous services can be held and that there must be a one hour interval between services at the new and existing churches. See also footnote 4.

that these integral conditions were enforceable and dismissed their appeal on that basis. Their argument rests on their assertion that the conditions cannot be enforced against the existing church property because it was not a subject of the application.[6] The commission argues that the court properly found that the conditions were integral to the commission's decision and that the plaintiffs failed to prove that the commission's decision was improper. The applicants argue that, although they disagree with the court's finding that the conditions were integral to the commission's decision, the court's decision should be upheld because the plaintiffs failed in their burden of proof. As additional grounds for affirming the decision, the applicants also argue that they agreed to the conditions because the plaintiffs had requested them and that the plaintiffs cannot now contest the approvals on the grounds that the very conditions that they had requested were unenforceable, that the conditions were not integral to the commission's decision and that the commission did not have the authority to mandate these conditions on a church because of federal law.[7] The applicants also argue that their special defenses of res judicata and collateral estoppel, although not reviewed by the trial court, barred the plaintiffs from contesting these conditions, which previously were set forth in the zoning board of appeal's approval of their special exception.[8] We agree

[6] Specifically, the plaintiffs argue: "Unless and until the [e]xisting [c]hurch [p]roperty is the subject of the [a]pplications, and the [e]xisting [c]hurch becomes a party to these proceedings, the [m]odifications, specifically the [f]irst [c]ondition, are impossible to satisfy and therefore are patently illegal and unreasonable and the [d]efendant [c]ommission may not impose these conditions."

[7] The plaintiffs do not raise a constitutional or statutory issue regarding the enforceability of the conditions on the free exercise of religion. Accordingly, we do not consider whether these conditions would be preempted by the state or federal constitutions or by federal statute.

[8] Because we affirm the judgment on the merits, we do not reach the alternate grounds for affirmance raised by the applicants, nor do we reach additional issues that may have been raised during oral argument.

that the plaintiffs have failed to prove that the commission acted arbitrarily, illegally or in abuse of its discretion in approving the final site plan and special permit of the applicants.

At the outset, we set forth our standard of review. A zoning commission's authority in ruling on a site plan is limited. " '[A] site plan is an administrative review procedure that assists in determining compliance of an underlying development proposal with zoning regulations.' . . . 'A site plan may be modified or denied only if it fails to comply with requirements already set forth in the zoning . . . regulations. . . .' General Statutes § 8-3 (g)." (Citations omitted.) *Smith-Groh, Inc.* v. *Planning & Zoning Commission,* 78 Conn. App. 216, 229–30, 826 A.2d 249 (2003).

"The basic rationale for the special permit . . . is that while certain land uses may be generally compatible with the uses permitted as of right in a particular zoning district, their nature is such that their precise location and mode of operation must be individually regulated . . . . T. Tondro, [Connecticut Land Use Regulation (2d Ed. 1992)] p. 175; see also *Barberino Realty & Development Corp.* v. *Planning & Zoning [Commission],* 222 Conn. 607, 612–13, 610 A.2d 1205 (1992). The requirements for a special permit are outlined in the zoning regulations of the Greenwich municipal code [§ 6-17], and the commission may not impose additional conditions that are not within the regulations. See T. Tondro, supra, pp. 178–79; see also *A. Aiudi & Sons, LLC* v. *Planning & Zoning Commission,* 72 Conn. App. 502, 506, 806 A.2d 77 (although commission does not have discretion to deny special permit when proposal meets standards, it does have discretion to determine whether proposal meets standards in regulations), [aff'd, 267 Conn. 192, 837 A.2d 748 (2003)]. As a matter of law, general considerations enumerated in the zoning regulations are an adequate basis for denying

an application for a special permit . . . . *A. Aiudi & Sons, LLC* v. *Planning & Zoning Commission,* supra, 507." (Internal quotation marks omitted.) *Smith-Groh, Inc.* v. *Planning & Zoning Commission,* supra, 78 Conn. App. 228–29. "A site plan and special permit application aid zoning agencies in determining the conformity of a proposed building or use with specific provisions of the regulations." Id., 230.

In this case, the applicants sought to construct a new church on a 10.19 acre site in an RA-4 zone. Section 6-94 (a) (5) of the Greenwich Building Zone Regulations (regulations) specifically allows a church in an RA-4 zone only by special exception. At the start of the application process, the applicants filed their application for preliminary site plan approval with the commission. After holding a public hearing on the preliminary site plan, the commission approved the plan by letter dated July 3, 2002. The applicants then sought and obtained a special exception from the zoning board of appeals to allow them to have a church in a residential RA-4 zone. The plaintiffs were present both at the preliminary site plan hearings and at the zoning board of appeals proceedings. The zoning board of appeals granted the applicants' special exception application with several conditions, one of which required: "That there be no simultaneous use of the new church and the existing church located nearby on Taconic Road . . . ." The plaintiffs did not appeal from the granting of the special exception.

The applicants next filed their application for final site plan approval and an application for a special permit. Public hearings were held on October 22 and November 12, 2002. The plaintiffs and their counsel appeared and made a presentation to the commission. Also, at the October 22 hearing, they submitted a list of thirty-two conditions that they requested be made part of the approval process. The first condition

requested by the plaintiffs was: "There shall be no simultaneous use of the new church at 190-202 Taconic Road and the existing church at 237 Taconic Road." In response to the plaintiffs' request, at the November 12 hearing, the applicants, through counsel, submitted a letter explaining that many of the plaintiffs' requested conditions already had been set forth by the zoning board of appeals in the special exception approval and that, inter alia, the applicants were amenable to the condition of no simultaneous use of the new and existing churches.

The commission unanimously approved the applications with conditions, including the condition of no simultaneous use, and issued a written decision on January 21, 2003. The relevant condition specifically stated: "A note shall be added to the plan that states: 'The existing church (with approximately 125 seats) located at 237 Taconic Road shall not have services at the same time as the proposed new church facility is having services and that there will be at least a 1 hour interval between uses at each site.' " Additionally, the approval also was conditioned on the following: "The [zoning board of appeals] special exception approval shall be noted on the final plans especially the 4th paragraph that notes the conditions." Paragraph four of the zoning board of appeals approval stated in relevant part: "[T]here [shall] be no simultaneous use of the new church and the existing church located nearby on Taconic Road . . . ."

The plaintiffs claim that this approval was improper because the "no simultaneous use" condition purports to bind the existing church, which was not the subject of the applications. Therefore, they argue, the existing church could not be bound by the commission's conditions, and the site plan and special permit approvals were, therefore, improper. The court did not agree that the condition purported to bind the existing church

and found, inter alia, that the "no simultaneous use" condition properly bound the new church and that the plaintiffs failed to prove that the commission had acted arbitrarily, illegally or in abuse of its discretion.

Section 6-15 (a) of the regulations, dealing with site plan approvals, specifically states that the commission shall "take into consideration the public health, safety and general welfare, the comfort and convenience of the general public and, as a condition of approval, may require such modifications of the proposed plans as it deems necessary to comply with the spirit as well as the letter of these [r]egulations." The commission shall take into account "[s]afe, adequate and convenient vehicular and pedestrian traffic circulation both within and without the site. . . ." Greenwich Building Zone Regulations § 6-15 (a) (2). Additionally, in reviewing a special permit application, the commission is required to consider whether the proposal would "adversely affect safety in the streets [or] increase traffic congestion in the area . . . ." Id., § 6-17 (d) (8).

The conditions at issue in this appeal clearly relate to the standards contained in §§ 6-15 and 6-17 of the regulations, and both the applicants and the plaintiffs agreed to the conditions. As the court found: "Whether the [existing] church remains in the hands of the Stanwich Congregational Church, or whether the [existing] church comes into the hands of another congregation or assembly, the Stanwich Congregational Church is required not to have services at the new site held simultaneously with services at the [existing] church. The approval of the new site has officially noted such restriction on the site plan itself, a plan of record duly enforceable by the Greenwich zoning authorities." Although the plaintiffs rest their claim on the argument that the condition purports to bind a nonapplicant, i.e., the existing church, it is clear from the record that, although not stated artfully by the commission, the condition

binds and is enforceable against the applicants at the new church. If it binds the new church, as it does, it can be enforced, and there will be no simultaneous use of the existing church and new church. The court concluded that the plaintiffs failed in their burden of proving otherwise, and, on the basis of the record, we affirm that judgment.

The judgment is affirmed.

In this opinion the other judges concurred.